19-666/jhl/jsg

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.: 6:19-cv-2187-Orl-40DCI**

DIANNE LEVESQUE, as Personal Representative
of the ESTATE OF DONALD WHITMER, JR.,
for and on behalf of his children, BREANNA
NICKOLE WHITMER, NICHOLAS WHITMER,
DONALD WHITMER, III, DAKOTA WHITMER,
TOMMI WHITMER, TREY WHITMER, and
BRITTONY WHITMER,

        Plaintiff,

vs.

CITY OF WEST MELBOURNE, a political
subdivision of the State of Florida, JACOB
MATHIS, KEVIN KRUKOWSKI, and
DANIELLE QUINN, Individually,

        Defendants.
_____/

**OFFICER KRUKOSKI'S MOTION TO DISMISS COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, Officer Kevin Krukoski ("Officer Krukoski[1]"), by and through the undersigned counsel, and moves to dismiss Plaintiff, Dianne Levesque, as Personal Representative of the Estate of Donald Whitmer, Jr., for and on behalf of his children, Breanna Nickole Whitmer, Nicholas Whitmer, Donald Whitmer III, Dakota Whitmer, Tommi Whitmer, Trey Whitmer, Brittony Whitmer ("Plaintiff")'s Complaint. In support thereof, Officer Krukoski states:

---

[1]      Officer Krukoski's name is incorrectly spelled "Krukowski" in the Complaint.

1

Plaintiff failed to properly serve Officer Krukoski with a copy of the Complaint and summons as required by Florida law. Instead, he served the summons with Cynthia Hanscom, an employee of the City of West Melbourne. As such, the subject Complaint should be dismissed as it pertains to Officer Krukoski.

## MEMORANDUM OF LAW

### a. *Standards Governing Motions to Dismiss Under Florida Law[2]*

A defendant must contest the sufficiency of service at the inception of the case either by motion or responsive pleading. *Re-Employment Services, Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 470 (Fla. 5th DCA 2007); 1.140, *Fla. R. Civ. P*; *Baraban v. Sussman¸*439 So. 2d 1046 (Fla. 4th DCA 1983); *Lennar Homes, Inc. v. Gabb Const. Services, Inc.*, 654 So. 2d 649 (Fla. 3d DCA 1995).

### b. *Standards Governing Motions to Dismiss Under Federal Law*

A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014); *Grisales v. Ocala Nat'l Bank*, No. 5:13-cv-84-Oc-10PRL, 2013 WL 12155961 at *6 (M.D. Fla. May 16, 2013) The plaintiff bears the burden of establishing that service of process was established in a manner that complies with Rule 4. *Developers Surety & Indemnity Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491T-24TGW 2017 WL 3113469 at *2 (M.D. Fla. May 5, 2017). "Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings." *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623 at *1 (M.D. Fla. July 19, 2010) (citing *Martin v. Salvatierra*, 233

---

[2] It is understood that it is the Defendant's intention to remove this action to federal court, but since this action is still in state court, Defendant has cited to state and federal rules of civil procedure and case law to cover both bases.

F.R.D. 630, 631 (S.D. Fla. 2005)).

    *c. Officer Krukoski was not properly served with a copy of the Complaint in this case.*

Plaintiff failed to properly serve Officer Krukoski as he was not properly served with a copy of the complaint and summons as required by Florida law. Federal Rule of Civil Procedure 4(e)(1) provides that service may be performed by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made. As such, the Court follows Florida law, specifically Section 48.031, *Fla. Stat.* as to the determination of the sufficiency of process on Officer Krukoski. *See Thomas v. Derryberry*, No. 8:16-cv-3482-T-33AEP, 2017 WL 2022270 at *1 (M.D. Fla. 2017). Section 48.031, Florida Statutes provides that service can be made by delivering a copy of the complaint to the person to be served or leaving the copies at the person's home with any person residing therein 15 years of age or older and informing the person of the contents of the complaint. Service on other persons, such as a business manager, does not suffice as personal service under Florida law. *Stoeffler v. Castagliola*, 629 So. 2d 196, 197 (Fla. 2d DCA 1993). Furthermore, the service of process requirements must be strictly complied with. *See Epstein v. Brunel*, 271 So. 3d 1173, 1175 (Fla. 3d DCA 2019); *A.T. Clayton & Co. v. Hachenberger*, No. 8:10-mc-148-T-30TBM, 2011 WL 1899256 at *4 (M.D. Fla. May 19, 2011); *Lady of America Franchise Co. v. Andries*, No. 07-60737-CIV-COHN/HOPKINS, 2007 WL 9700996 at *1 (S.D. Fla. Oct. 10, 2007).

Courts in the Middle District have consistently held that serving a government employee or clerk is insufficient to achieve service of process against an individual law enforcement officer. *See Morris, supra,* at *3; *Occhino v. Greenburg*, No. 6:17-cv-1793-Orl-22TBS at pp. 1-2 (Aug. 10, 2018) (service of process on administrative assistant at sheriff's office was insufficient under Section 48.031, *Fla. Stat.*) (Attached hereto as "Exhibit A"); *Mack v. Williams¸* No. 6:13-cv-

01222-ACC-GJK at pp. 2-3 (M.D. Fla. Sept. 8, 2014) ("Exhibit B"); *Mackroy v. Mohney*, No. 6:11-cv-1428-Orl-22TBS (M.D. Fla. Aug 30, 2012) ("Exhibit C"); *Albers v. Ford*, No. 6-11-cv-129-Orl-37DAB (Dec. 27, 2012) ("Exhibit D"). *See also Martin,* 233 F.R.D. at 631-32 (service on law enforcement officer was invalid when the plaintiff left a copy of the summons and complaint with an individual at Officer Salvatierra's place of employment, and Officer Salvatierra never authorized any persons to accept service of process on his behalf).

In the instant case, Plaintiff's process server gave the suit documents to Cynthia Hanscom, the West Melbourne City Clerk. *See Exhibit E, Affidavit of Service on Kevin Krukoski and Summons*. There is no evidence Officer Krukoski was personally served with a copy of the Complaint and summons. In fact, Officer Krukoski has stated in his affidavit that he was not personally served with a copy of the Complaint or summons in this case. *See Exhibit F, Affidavit of Kevin Krukoski.* Nor did Officer Krukoski authorize Ms. Hanscom to accept service of process on his behalf. *Id.* at ¶ 3. While Ms. Hanscom may have a role with the City, this does not give her any authority to accept service of process on individual officers. Accordingly, Plaintiff has failed to strictly comply with the service requirements, and the Complaint should be dismissed against Officer Krukoski.

WHEREFORE, Defendant, Officer Kevin Krukoski, respectfully requests that this Honorable Court enter an order dismissing Count I of Plaintiff's Complaint, and entering any other relief deemed just and proper.

Respectfully submitted,

/s/Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
FBN: 380687
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants Mathis, Krukoski & Quinn

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished via CM/ECF to all parties on the attached Counsel List this 19th day of November, 2019.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants Mathis, Krukoski & Quinn

/s/Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:           LEVESQUE v. CITY OF WEST MELBOURNE, ET AL.
CASE NO.:     6:19-cv-2187-Orl-40DCI
OUR FILE NO.: 19-666

## **COUNSEL LIST**

JOHN VERNON MOORE, ESQ.
Law Office of John Vernon Moore, P.A.
3270 Suntree Blvd., Suite 103-B
Melbourne, FL 32940
Counsel for Plaintiff
PHONE: 321-529-7777
FAX: 321-821-0466
E-SERVICE: courtdocs@jmoorelegal.com
               michaelbross@brosslawoffice.com
EMAIL: john@jmoorelegal.com
        michaelbross@brosslawoffice.com
FBN: 105403

MICHAEL J. ROPER, ESQ.
FRANK MARI, ESQ.
Bell & Roper, P.A.
2707 E. Jefferson St.
Orlando, FL 32803
Counsel for Defendant City
PHONE: 407-897-5150
FAX: 407-897-3332
EMAIL: mroper@bellroperlaw.com
        phermosa@bellroperlaw.com
        fmari@bellroperlaw.com
        ihaines@bellroperlaw.com
FBN:

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants Mathis, Krukoski & Quinn
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
        bsmith@rrbpa.com
FBN: 380687