UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID OCCHINO,

    Plaintiff,

v.                                             Case No:   6:17-cv-1793-Orl-22TBS

ALEXANDER GREENBURG, NATHAN
HEALEY and ERIC DWYER,

    Defendants.
_____

### ORDER

This case is before the Court on Defendant Alexander Greenberg's Motion to Quash Service (Doc. 25). Defendant Greenberg argues that service of process should be quashed because he was not personally served in compliance with Rule 4(e) of the Federal Rules of Civil Procedure. *Id.*

Rule 4(e) provides that an individual may be served in a judicial district of the United States by either following the state law for serving a summons in an action, by delivering a copy of the summons and of the complaint to the individual personally, by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age who resides there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(1), (2). Florida law provides that service of an individual may be effectuated by "delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [the Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1)(a), FLA. STAT. (2016).

EXHIBIT A

Service of process on Greenberg was accomplished by serving Denies Maile, an administrative assistant at the Orange County Sheriff's Office (Doc. 22 at 1-2). Greenberg asserts that he did not authorize Maile to receive service of process on his behalf (Doc. 30-1 at ¶ 3). Therefore, the Court concludes that service of process was not proper because Greenberg was not personally served, nor were copies of the amended complaint and summons delivered to his home or to a person authorized to receive service of process. *See Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *3 (M.D. Fla. July 19, 2010) (quashing service where a copy of the complaint and summons was sent by certified mail to the Orlando Police Department and the return receipt was signed by a supply clerk who was not authorized to accept service of process); *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (quashing service of process where the plaintiff attempted to serve a police officer by leaving the summons and complaint at the officer's place of employment but the officer did not authorize anyone there to accept service of process on his behalf). Thus, service of process on Greenberg will be quashed. Now:

1. Defendant Greenberg's Motion to Quash (Doc. 25) is **GRANTED**. The service of process as to Greenberg is quashed.

2. To continue the prosecution of this case, Plaintiff must complete new Summons and Marshal's forms (Form 285) for Defendant Greenberg. Because it may become necessary to serve Defendant Greenberg at his home, Plaintiff shall not fill out the address of the defendant. However, Plaintiff must sign the 285 forms.

The **Clerk of Court** is directed to mail four (4) copies the above-mentioned forms to Plaintiff. The completed forms must be returned to the Clerk's Office within **TWENTY-**

**ONE (21) DAYS** from the date of this Order. Failure to return the completed forms within this time period will result in dismissal of this Defendant for failure to prosecute.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
SA: OrlP-4
Encl: Service Forms