UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERY MACK,

    Plaintiff,

v.                                                                           CASE NO. 6:13-cv-1222-Orl-22GJK

ANDREW WILLIAMS, JR.,
et al.,

    Defendants.

_____

<u>**ORDER AND DIRECTIONS TO CLERK**</u>

This case is before the Court on the following matters:

1.    Defendants Jerry Demings, Andrew Williams, Jr., and Jeff McCowen's ("Defendants") have filed a Motion to Quash Service of Process (Doc. No. 27).[1] Defendants argue that service was not properly effectuated because summonses were not personally served on them or delivered to their place of abode and the Request for Waiver of Service forms were delivered to individuals not authorized to accept service for Defendants. *Id.* at 1-6.

"Under the Federal Rules of Civil Procedure, service of process on an individual may occur (1) 'pursuant to the law of the state in which the district court is located' or (2) 'by delivering a copy of the summons and of the complaint to the individual personally

_____

[1] Defendant Russell Kilgore is not a party to the instant motion. A return of service was filed on August 6, 2014, with the Court indicating that no service had been effectuated as to Defendant Kilgore. *See* Doc. No. 22.



EXHIBIT B

or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.'" *Robinson v. Hogansville Police Dep't.*, 159 F. App'x 137, 138 (11th Cir. 2005) (quoting Fed. R. Civ. P. 4(e)(1)-(2)). However, Rule 4(d)(1) of the Federal Rules of Civil Procedure states that "[a]n individual. . . that is subject to service under Rule 4(e). . . has a duty to avoid unnecessary expenses of serving the summons." Therefore, the plaintiff may notify the defendants that an action has been initiated and request the defendants to waive service of a summons. *Id.* To do so, the plaintiff *inter alia* must make the request in writing to the defendant and "include a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C).

The Court agrees that service of process was not proper in this case. Defendants were not personally served nor were copies of the complaint and summons delivered to their home or to a person authorized to receive service of process. *See Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *3 (M.D. Fla. July 19, 2010) (quashing service where a copy of the complaint and summons was sent by certified mail to the Orlando Police Department and the return receipt was signed by a supply clerk who was not authorized to accept service of process); *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (quashing service of process where the plaintiff attempted to serve a police officer by leaving the summons and complaint at the officer's place of

2

employment but the officer did not authorize anyone there to accept service of process on his behalf). Accordingly, Defendants' Motion to Quash Service of Process (Doc. No. 27) is **GRANTED**. The service of process shown by the return of service forms (Doc. Nos. 21, 23, 24) are **QUASHED**.[2]

    2.    To continue the prosecution of this case, within **TWENTY-ONE (21) DAYS** from the date of this Order, Plaintiff must complete the following service forms <u>for each of the four Defendants</u>.

        A.    Summons

        Plaintiff is required to fill in his name and address and the name and address of <u>one Defendant</u> in the appropriate spaces on the Summons. Plaintiff should also fill in the case number.

        B.    Marshal's form (Form 285)

        **Plaintiff is required to fill in his name and address in the box following the phrase "SEND NOTICE OF SERVICE COPY AT NAME AND ADDRESS BELOW". In the box designated by the phrase "SERVE AT", Plaintiff must place <u>one Defendant's</u> name on the first line followed by the corresponding address of that Defendant on the following line. <u>PLAINTIFF MUST SIGN THE 285 FORMS.</u>**

<u>Failure to return the completed forms within this time period will result in dismissal of these Defendants for failure to prosecute without further notice.</u>

---

    [2] Because Defendants have not waived service of the summons, Defendants will be required to pay the cost of service to the United States Marshals Service in the amount shown on the return of service within **FOURTEEN (14) DAYS** after the return of service is filed with the Court or show cause in writing by that date why good cause exists to be relieved of the requirement to pay such costs. See Fed. R. Civ. P. 4(d)(2).

3.  The Clerk of Court is directed to mail four Summonses and four 285 forms to Plaintiff.

**DONE AND ORDERED** at Orlando, Florida this 8th day of September, 2014.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies to:
Jeffery Mack
Counsel of Record

4