UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREK T. MACKROY,

    Plaintiff,

v.                                        CASE NO. 6:11-cv-1428-Orl-22TBS

TODD MOHNEY, et al.,

    Defendants.

_____

## ORDER

    This case is before the Court on Defendant Todd Mohney's Motion to Quash Service of Process (Doc. 28). Defendant argues that service of process was not made in accordance with section 48.031, Florida Statutes and therefore, it should be quashed. *Id.* at 2-4. In support of this argument, Defendant maintains that instead of being personally served, the summons and complaint were given to a receptionist working for the Orange County Sheriff's Office. *Id.* at 1.

    Federal Rule of Civil Procedure 4(e) provides that an individual may be served in a judicial district of the United States by either following the state law for serving a summons in an action, by delivering a copy of the summons and complaint to the individual personally or by delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1) & (2). Florida law provides that service of an individual may be effectuated by "delivering a copy of [the summons and complaint] to the person to be served . . . or by leaving the copies at [the



Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1), Fla. Stat. (2011).

The Court agrees that service of process was not proper in this case, because Defendant Mohney was not personally served, nor were copies of the complaint and summons delivered to his home or to a person authorized to receive service of process. *See Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *3 (M.D. Fla. July 19, 2010) (quashing service where a copy of the complaint and summons was sent by certified mail to the Orlando Police Department and the return receipt was signed by a supply clerk who was not authorized to accept service of process); *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (quashing service of process where the plaintiff attempted to serve a police officer by leaving the summons and complaint at the officer's place of employment but the officer did not authorize anyone there to accept service of process on his behalf). Thus, service of process for Defendant Mohney will be quashed.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Mohney's Motion to Quash Service of Process (Doc. No. 28) is **GRANTED**. The service of process shown by the return of service executed on August 2, 2012 (Doc. No. 26) is **QUASHED**.

2. To continue the prosecution of this case, Plaintiff must complete new service forms for Defendant Mohney. Plaintiff must complete the enclosed forms:

A. and B.    Summons and Marshal's forms (Form 285)

<u>Plaintiff is required to fill in his name and address and the name(s) and address(es) of Defendant(s)</u> in the appropriate spaces on the Summons and Marshal's forms. <u>PLAINTIFF MUST SIGN THE 285 FORM.</u>

The Clerk of Court is directed to mail the above-mentioned forms to Plaintiff, and he must then mail the completed forms to the Clerk's Office. The completed forms must be returned to the Clerk's Office within **TWENTY-ONE (21) DAYS** from the date of this Order. Failure to return the completed forms within this time period will result in dismissal of this Defendant for failure to prosecute.

**DONE AND ORDERED** at Orlando, Florida this 30th day of August, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
OrlP-3 8/30
Derek T. Mackroy
Counsel of Record