19-666/jhl/jsg

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### CASE NO.: 6:19-cv-2187-Orl-40DCI

DIANNE LEVESQUE, as Personal Representative
of the ESTATE OF DONALD WHITMER, JR.,
for and on behalf of his children, BREANNA
NICKOLE WHITMER, NICHOLAS WHITMER,
DONALD WHITMER, III, DAKOTA WHITMER,
TOMMI WHITMER, TREY WHITMER, and
BRITTONY WHITMER,

        Plaintiff,

vs.

CITY OF WEST MELBOURNE, a political
subdivision of the State of Florida, JACOB
MATHIS, KEVIN KRUKOWSKI, and
DANIELLE QUINN, Individually,

        Defendants.

_____/

## DEPUTY QUINN'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant, Deputy Danielle Quinn ("Deputy Quinn"), by and through the

undersigned counsel, and moves to dismiss Plaintiff, Dianne Levesque, as Personal Representative

of the Estate of Donald Whitmer, Jr., for and on behalf of his children, Breanna Nickole Whitmer,

Nicholas Whitmer, Donald Whitmer III, Dakota Whitmer, Tommi Whitmer, Trey Whitmer,

Brittony Whitmer ("Plaintiff")'s Complaint. In support thereof, Deputy Quinn states:

Plaintiff failed to properly serve Deputy Quinn with a copy of the Complaint and summons

as required by Florida law. Instead, he served the summons with Cynthia Hanscom, an employee

of the City of West Melbourne. This service of process is insufficient under Florida law.

Furthermore, Plaintiff has not identified a use of force by Deputy Quinn sufficient to overcome her entitlement to qualified immunity. In fact, Plaintiff does not identify any use of force used by Deputy Quinn used against the decedent, Donald Whitmer, Jr. *See Exhibit A, Plaintiff's Complaint.* As such, the subject Complaint should be dismissed as it pertains to Deputy Quinn.

## MEMORANDUM OF LAW

### a. *Standards Governing Motions to Dismiss Under Florida Law[1]*

A defendant must contest the sufficiency of service at the inception of the case either by motion or responsive pleading. *Re-Employment Services, Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 470 (Fla. 5th DCA 2007); 1.140, *Fla. R. Civ. P*; *Baraban v. Sussman¸*439 So. 2d 1046 (Fla. 4th DCA 1983); *Lennar Homes, Inc. v. Gabb Const. Services, Inc.*, 654 So. 2d 649 (Fla. 3d DCA 1995).

A complaint is required to contain a short and plain statement of the ultimate facts demonstrating the pleader's entitlement to relief. Rule 1.110(b)*, Fla. Civ. P.* "In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Garnac Grain Co., Inc. v. Mejia,* 962 So. 2d 408, 410 (Fla. 4th DCA 2007). "A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts." *South Riverwalk Investments, LLC v. City of Ft. Lauderdale,* 934 So. 2d 620, 622 (Fla. 4th DCA 2006). However, allegations which are too general and conclusory are insufficient to state a cause of action. *Beckler v. Hoffman*, 550 So. 2d 68, 70 (Fla. 5th DCA 1989). A pleading which contains mere conclusions or recitations of

---

[1]     It is understood that it is the Defendant's intention to remove this action to federal court, but since this action is still in state court, Defendant has cited to state and federal rules of civil procedure and case law to cover both bases.

elements as opposed to ultimate facts supporting each element of a cause is insufficient. *Price v. Morgan*, 436 So. 2d 1116, 1121 (Fla. 5th DCA 1983).

### b.  *Standards Governing Motions to Dismiss Under Federal Law*

A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014); *Grisales v. Ocala Nat'l Bank*, No. 5:13-cv-84-Oc-10PRL, 2013 WL 12155961 at *6 (M.D. Fla. May 16, 2013) The plaintiff bears the burden of establishing that service of process was established in a manner that complies with Rule 4. *Developers Surety & Indemnity Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491T-24TGW 2017 WL 3113469 at *2 (M.D. Fla. May 5, 2017). "Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings." *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623 at *1 (M.D. Fla. July 19, 2010) (citing *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005)).

Furthermore, *Fed. R. Civ. P.* 8(a) requires a "short and plain statement of the claim" in order to "give the defendant fair notice of what the . . . [plaintiff's] claim is and the grounds upon which it rests." A plaintiff's allegations must be enough to raise their right to relief "above the speculative level" and requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Conclusory allegations are not entitled to be assumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must allege facts sufficient to state a facially plausible claim for relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts allowing the court to draw a reasonable inference and not a "sheer possibility" that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. An "unadorned, the-defendant-

unlawfully-harmed-me accusation" will not suffice. *Id.* Nor will "'naked assertion[s]' devoid of further factual enhancement." *Id.* (internal quotations omitted). A motion to dismiss may be granted on an affirmative defense when the defense appears on the face of the complaint. *Jacobs v. Estefan*, 531 F. App'x 1004, 1005 (11th Cir. 2013).

Plaintiff failed to properly serve Deputy Quinn as she was not properly served with a copy of the complaint and summons as required by Florida law. Federal Rule of Civil Procedure 4(e)(1) provides that service may be performed by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made. As such, the Court follows Florida law, specifically Section 48.031, *Fla. Stat.* as to the determination of the sufficiency of process on Deputy Quinn. *See Thomas v. Derryberry*, No. 8:16-cv-3482-T-33AEP, 2017 WL 2022270 at *1 (M.D. Fla. 2017). Section 48.031, Florida Statutes provides that service can be made by delivering a copy of the complaint to the person to be served or leaving the copies at the person's home with any person residing therein 15 years of age or older and informing the person of the contents of the complaint. Service on of other persons, such as a business manager does not suffice as personal service under Florida law. *Stoeffler v. Castagliola*, 629 So. 2d 196, 197 (Fla. 2d DCA 1993). Furthermore, the service of process requirements must be strictly complied with. *See Epstein v. Brunel*, 271 So. 3d 1173, 1175 (Fla. 3d DCA 2019); *A.T. Clayton & Co. v. Hachenberger*, No. 8:10-mc-148-T-30TBM, 2011 WL 1899256 at *4 (M.D. Fla. May 19, 2011); *Lady of America Franchise Co. v. Andries*, No. 07-60737-CIV-COHN/HOPKINS, 2007 WL 9700996 at *1 (S.D. Fla. Oct. 10, 2007).

Courts in the Middle District have consistently held that serving a government employee or clerk is insufficient to achieve service of process against an individual law enforcement officer. *See Morris, supra,* at *3; *Occhino v. Greenburg*, No. 6:17-cv-1793-Orl-22TBS at pp. 1-2 (Aug.

10, 2018) (service of process on administrative assistant at sheriff's office was insufficient under Section 48.031, *Fla. Stat*.) (Attached hereto as "Exhibit B"); *Mack v. Williams*¸ No. 6:13-cv-01222-ACC-GJK at pp. 2-3 (M.D. Fla. Sept. 8, 2014) ("Exhibit C"); *Mackroy v. Mohney*, No. 6:11-cv-1428-Orl-22TBS (M.D. Fla. Aug 30, 2012) ("Exhibit D"); *Albers v. Ford*, No. 6-11-cv-129-Orl-37DAB (Dec. 27, 2012) ("Exhibit E"). *See also Martin*, 233 F.R.D. at 631-32 (service on law enforcement officer was invalid when the plaintiff left a copy of the summons and complaint with an individual at Officer Salvatierra's place of employment, and Officer Salvatierra never authorized any persons to accept service of process on his behalf).

In the instant case, Plaintiff's process server gave the suit documents to Cynthia Hanscom, the West Melbourne City Clerk. *See Exhibit F, Affidavit of Non-Service on Danielle Quinn and Summons*. There is no evidence Deputy Quinn was personally served with a copy of the Complaint and summons. In fact, Deputy Quinn has stated in her affidavit that she was not personally served with a copy of the Complaint or summons in this case. *See Exhibit G, Affidavit of Danielle Quinn.* Nor did Deputy Quinn authorize Ms. Hanscom to accept service of process on her behalf. *Id.* at ¶ 3. Furthermore, the Affidavit of Non-Service itself states that Ms. Hanscom did not recognize the name and did not think Deputy Quinn was a city employee. *See Ex. F.* The process server never corrected her obvious failure to personally serve Deputy Quinn. Accordingly, Plaintiff has failed to strictly comply with the service requirements, and the Complaint should be dismissed against Officer Quinn.

C.      *Motion to Dismiss for Failure to State a claim*

Plaintiff's Complaint fails to state a cause of action against Deputy Quinn. Specifically, she has not identified a constitutional violation committed by Deputy Quinn. Nor has she alleged facts sufficient to overcome Deputy Quinn's entitlement to qualified immunity.

In order to prevail in a case alleging excessive force under 42 U.S.C. §1983, a plaintiff must overcome a police officer's entitlement to qualified immunity. The question of whether an officer is entitled to qualified immunity is generally a question of law for the court. *See Mitchell v. Forsyth,* 472 U.S. 511 (1985). Qualified immunity is not only immunity from liability, but also immunity from suit. *Id.* at 526. As the Supreme Court has stated, "public officers require this protection (qualified immunity) to shield them from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald,* 457 U.S. 800, 806 (1982). Therefore, courts have an obligation to rule on the issue of qualified immunity at the earliest stage of litigation. *See id.* The purpose of qualified immunity is to ensure that government actors are not required to err on the side of caution because they fear being sued. *Long v. Slaton*, 508 F.3d 576, 584 (11th Cir. 2007). Since qualified immunity is an immunity from suit, rather than just liability, it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell*, 472 U.S. at 526. Thus, the court should "ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *See Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002).   Qualified immunity is appropriately raised in summary judgment motions. *See Mitchell*, 472 U.S. at 527.

A public official exercising "discretionary authority" enjoys qualified immunity in a civil action for damages if his or her conduct "does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818; *Dunn v. City of Boynton Beach*, 192 F. Supp. 3d 1310, 1316 (S.D. Fla. 2016). Discretionary authority includes "all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." *Id*. at 1316-17. Once the defendant has established that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Id.* The plaintiff must

show that the defendant violated a constitutional right, and that right was clearly established at the time of the violation. *Id*. For the purposes of qualified immunity, clearly established law should not be defined "at a high level of generality." *See White v. Pauly*, 137 S. Ct. 548, 552 (2017).

Law and rights may be "clearly established" by showing: (1) a decision in a materially similar case; (2) a "broad, clearly established principle" that should control the current case's "novel facts"; or (3) the conduct in question "so obviously" violates the Constitution as to render prior law interpretations unnecessary. *Mercado v. City of Orlando*, 407 F.3d 1152, 1158-59 (11th Cir. 2005).

In the instant case, Plaintiff makes the naked allegation that Deputy Quinn "used physical force against THE DECEDENT that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution." *Ex. A* at ¶ 45. However, the Complaint is devoid of any factual assertions that Deputy Quinn used any force against the decedent. The only factual allegations involving Deputy Quinn are made in paragraphs 18 through 21 of the Complaint. Therein, Plaintiff alleges that Deputy Quinn arrived and made contact with the decedent. (*Id.* at ¶ 18). The decedent then allegedly told the officers that he had heart problems, and Deputy Quinn allegedly repeated the statement back to the decedent. (*Id.* at ¶ 19). Deputy Quinn allegedly then searched the decedent and confirmed with the Publix manager that he did not want the decedent trespassed. (*Id.* at ¶¶ 20-21). Deputy Quinn then left the property. (*Id.* at ¶ 21). There were no further allegations regarding Deputy Quinn in this Complaint. After Deputy Quinn left the Publix store, it was alleged that the Publix manager again called 911, and Officers Krukoski and Mathis arrived on the scene. (*Id.* at ¶¶ 22-23). It was allegedly after this call that Officers Krukoski and Mathis used force against the decedent. (*Id.* at ¶¶ 29-30). There are no allegations that Deputy Quinn was present during this subsequent use of force.

Aside from the conclusory allegation that Deputy Quinn used force against the decedent, there are no factual assertions that she used force against the decedent. At most, she conducted a search of the decedent while she was at the Publix. As alleged, Deputy Quinn was not even at the Publix when the other officers allegedly used force against the decedent. As such, Deputy Quinn did not violate the decedent's rights as alleged in the Complaint. Furthermore, Deputy Quinn is entitled to qualified immunity.[2]

WHEREFORE, Deputy Danielle Quinn, respectfully requests that this Honorable Court enter an order dismissing Count III against Deputy Quinn with prejudice, and entering any other relief deemed just and proper.

Respectfully submitted,

/s/Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
FBN: 380687
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants Mathis, Krukoski & Quinn

---

[2]   Nor has Plaintiff alleged a "failure to intervene" theory, which requires an officer to observe the use of excessive force, and be in a position to intervene and fail to do so. *See, e.g., Crenshaw v. Lister*, 556 F.3d 1283, 1293-94 (11th Cir. 2009); *Ledlow v. Givens*, 500 F. App'x 910 (11th Cir. 2012). As there is no allegation that Deputy Quinn was at the Publix when Officers Krukoski and Mathis used force, no such claim can survive even if Plaintiff attempted to allege same. Accordingly, the Complaint should be dismissed with prejudice.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy hereof has been furnished via CM/ECF

to all parties on the attached Counsel List this 19th day of November, 2019.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants Mathis, Krukoski & Quinn

/s/Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          LEVESQUE v. CITY OF WEST MELBOURNE, ET AL.
CASE NO.:       6:19-cv-2187-Orl-40DCI
OUR FILE NO.:   19-666

## **COUNSEL LIST**

JOHN VERNON MOORE, ESQ.
Law Office of John Vernon Moore, P.A.
3270 Suntree Blvd., Suite 103-B
Melbourne, FL 32940
Counsel for Plaintiff
PHONE: 321-529-7777
FAX: 321-821-0466
E-SERVICE: courtdocs@jmoorelegal.com
            michaelbross@brosslawoffice.com
EMAIL: john@jmoorelegal.com
       michaelbross@brosslawoffice.com
FBN: 105403

MICHAEL J. ROPER, ESQ.
FRANK MARI, ESQ.
Bell & Roper, P.A.
2707 E. Jefferson St.
Orlando, FL 32803
Counsel for Defendant City
PHONE: 407-897-5150
FAX: 407-897-3332
EMAIL: mroper@bellroperlaw.com
       phermosa@bellroperlaw.com
       fmari@bellroperlaw.com
       ihaines@bellroperlaw.com
FBN:

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants Mathis, Krukoski & Quinn
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
       bsmith@rrbpa.com
FBN: 380687