UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANNE LEVESQUE,

        Plaintiff,

v.                                                  Case No:  6:19-cv-2187-Orl-40DCI

CITY OF WEST MELBOURNE, JACOB
MATHIS, KEVIN KRUKOWSKI and
DANIELLE QUINN,

        Defendants.
_____/

## ORDER

This cause comes before the Court on the following:

1. Defendant Krukowski's Motion to Dismiss (Doc. 10);

2. Defendant Mathis's Motion to Dismiss (Doc. 11);

3. Defendant Quinn's Motion to Dismiss (Doc. 14);

4. Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 17); and

5. Defendant Quinn's Second Motion to Dismiss (Doc. 23).

On October 28, 2019, Plaintiff initiated this action in Florida state court, alleging Fourth Amendment violations against Defendants Mathis, Krukowski, and Quinn. (Doc. 1-1). Defendants removed the action to this Court on November 18, 2019. (Doc. 1).

The next day, Defendants Mathis, Krukowski, and Quinn each moved to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Docs. 10, 11, 14). Specifically, Defendants alleged that Plaintiff served the summons with Cynthia Hanscom, an employee of the City of West Melbourne. Each Defendant provided an affidavit affirming that they had not been personally served. (Docs. 10-6, 11-6, 14-6).

Defendant Quinn also moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 14). Specifically, she argued that Plaintiff: (1) failed to identify a constitutional violation committed by Defendant Quinn; and (2) failed to allege facts sufficient to overcome Defendant Quinn's entitlement to qualified immunity. (*Id.* at p. 5).

In her Response, Plaintiff provided the Court with Amended Affidavits of Service. (Doc. 17). Defendant Krukowski received personal service on December 2, 2019, and Defendant Mathis received personal service on December 4, 2019. (*Id.*). Service occurred within 90 days of filing, as required by Fed. R. Civ. P. 4(m). Therefore, Defendants Krukowski and Mathis's Motions to Dismiss are denied as moot.

Additionally, the Response stated, "In regards to Deputy Quinn's assertion that there were not sufficient facts to state a cause of action in the Complaint, the Plaintiff will concede that issue and agree to voluntarily dismiss that Defendant without prejudice, with the right to refile an Amended Complaint and reserve her if need be." (*Id.* at 2). Therefore, Defendant Quinn's Motion to Dismiss is granted.

Accordingly, it is **ORDERED** that:

1. Defendant Krukowski's Motion to Dismiss (Doc. 10) and Defendant Mathis's Motion to Dismiss (Doc. 11) are **DENIED AS MOOT**.

2. Defendant Quinn's Motion to Dismiss (Doc. 14) is **GRANTED**. Defendant Quinn's Second Motion to Dismiss (Doc. 23) is **DENIED AS MOOT**. Plaintiff's claims against Defendant Quinn are **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff is **DIRECTED** to file an Amended Complaint pertaining only to the remaining Defendants on or before **Friday, January 10, 2020.** Failure to timely file will result in dismissal of this action without further notice.

4. Defendants are **DIRECTED** to answer the Amended Complaint on or before **Friday, January 24, 2020**.

**DONE AND ORDERED** in Orlando, Florida on January 2, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties