**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No.:6:19-cv-2187-Orl-40DCI

**DIANNE LEVESQUE as Personal**
**Representative of the ESTATE OF**
**DONALD WHITMER, JR.,**
**for and on behalf of his children**
**BREANNA NICKOLE WHITMER,**
**NICHOLAS WHITMER, DONALD WHITMER, III.,**
**DAKOTA WHITMER, TOMMI WHITMER,**
**TREY WHITMER, BRITTONY WHITMER,**

    **Plaintiff,**

vs.

**CITY OF WEST MELBOURNE,**
a political subdivision of the State
of Florida; **JACOB MATHIS,**
Individually,
**KEVIN KRUKOSKI,**
Individually,

    **Defendants.**
_____/

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW**, DIANNE LEVESQUE as Personal Representative of the ESTATE OF DONALD WHITMER, JR., for and on behalf of his children BREANNA NICKOLE WHITMER, NICHOLAS WHITMER, DONALD WHITMER, III., DAKOTA WHITMER, TOMMI WHITMER, TREY WHITMER, BRITTONY WHITMER, (hereinafter "Plaintiffs"), and hereby files this Complaint against KEVIN KRUKOSKI (hereinafter "KRUKOSKI"); JACOB MATHIS (hereinafter "MATHIS"); for acts that occurred during the course and scope of their employment with Defendant, the CITY OF WEST MELBOURNE, and allege:

1

## I. PARTIES AND JURISDICTION

1. DIANNE LEVESQUE, as Personal Representative of THE ESTATE OF DONALD E. WHITMER, JR., deceased, for and on behalf of the survivors of THE ESTATE OF DONALD E. WHITMER, JR., at all times material to this action was a resident of Brevard County, Florida.

2. At all times hereinafter mentioned, the Defendant, CITY OF WEST MELBOURNE, is a political subdivision of the State of Florida.

3. Defendants Jacob Mathis and Kevin Krukoski, in their individual capacity are acting under Color of State Law as Officers of the WEST MELBOURNE POLICE DEPARTMENT.

4. All actions giving rise to this lawsuit occurred in Brevard County, Florida, and the amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest, and attorney's fees.

5. This is a civil action arising out of the death of the Plaintiff's decedent, DONALD E. WHITMER, JR., ("THE DECEDENT"), and asserting causes of action against different defendants for wrongful death and violations of THE DECEDENT'S civil rights Plaintiffs in this action seeks relief and alleges that Defendants were acting under the color of state law when they deprived Plaintiff rights secured under the United States Constitution, specifically the Fourth and Fourteenth Amendments. This action is brought pursuant to the provisions of 42 U.S.C. §1983 and 42 U.S.C. §1988.

6. Jurisdiction is proper in the Court because this is an action that seeks monetary damages against Defendants in their official and individual capacities in excess of fifteen

thousand dollars ($15,000.00), exclusive of interests and costs.

7. This action is brought by DIANNE LEVESQUE as Personal Representative of the ESTATE OF DONALD WHITMER, JR., for and on behalf of his children BREANNA NICKOLE WHITMER, NICHOLAS WHITMER, DONALD WHITMER, III., DAKOTA WHITMER, TOMMI WHITMER, TREY WHITMER, BRITTONY WHITMER, (hereinafter "Plaintiffs"), and the Estate of Donald E. Whitmer, JR., deceased, all damages specified in the Wrongful Death Act.

8. At all times material hereto, the Plaintiff, DIANNE LEVESQUE, is the Personal Representative of the ESTATE OF DONALD E. WHITMER, JR., deceased. A copy of the Letters of Administration appointing DIANNE LEVESQUE as Personal Representative of the ESTATE OF DONALD E. WHITMER, JR., deceased, have been previously filed and are attached as Exhibit A.

9. At all times material hereto, the statutory survivors of THE DECEDENT, deceased, pursuant to Section §768.18, Florida Statutes (2019) are Donald Whitmer, III, Tommi Whitmer, Trey Whitmer, Nicholas Whitmer, Brittony Whitmer, Breanna Whitmer as surviving adult children; and Dakota Whitmer as surviving minor son. Pursuant to Florida Statutes, the potential beneficiaries of the ESTATE OF DONALD E. WHITMER, JR., deceased are Donald Whitmer, III, Tommi Whitmer, Trey Whitmer, Nicholas Whitmer, Brittony Whitmer, Breanna Whitmer as surviving adult children; and Dakota Whitmer as surviving minor son.

10. This court has concurrent subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983.

11. The defendant, City of West Melbourne, at all times material to this action, was and is a governmental entity charged with the responsibility of administering and overseeing the City of West Melbourne Police Department located in Brevard County, Florida. The defendant, JACOB MATHIS, is a citizen of the State of Florida residing in Brevard County, is over the age 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the West Melbourne Police Department, and at all times acted pursuant to regulations and policies of the West Melbourne Police Department.

12. The defendant, KEVIN KRUKOSKI, is a citizen of the State of Florida residing in Brevard County, is over the age 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the West Melbourne Police Department, and at all times acted pursuant to regulations and policies of the West Melbourne Police Department.

## II. FACTS

13. THE DECEDENT was born December 3, 1972 and is the natural father of Donald Whitmer, III, Tommi Whitmer, Trey Whitmer, Nicholas Whitmer, Brittony Whitmer, Breanna Whitmer as surviving adult children; and Dakota Whitmer as surviving minor son.

14. On May 21, 2018, THE DECEDENT, his daughter, Breanna Whitmer, and her infant child were shopping at the Publix Supermarket located at 2261 West New Haven Avenue, West Melbourne, FL 32904. After THE DECEDENT made a purchase, and after THE DECEDENT made a purchase, the Publix store manager, Steve Derrick ("DERRICK") called 911.

15. Officer Danielle Quinn ("QUINN") and Kevin KRUKOSKI ("KRUKOSKI") responded to the Publix Supermarket and made contact with THE DECEDENT outside the store's main entrance. The encounter was captured on KRUKOSKI'S body worn camera (BWC).

16. During the encounter, THE DECEDENT tells the officers that he has heart problems. QUINN confirms she heard THE DECEDENT by repeating the statement back to him.

17. QUINN conducted a full search of THE DECEDENT and confirmed that he did not have any weapons or drugs. THE DECEDENT was exhibiting signs that he may be having a medical or mental condition that needed treatment. Officers QUINN and KRUKOSKI failed to seek treatment for THE DECEDENT.

18. QUINN confirmed with DERRICK that he did not want THE DECEDENT trespassed from the property. It was determined that THE DECEDENT had not committed any crime and both officers left the scene.

19. At approximately 11:41 a.m., DERRICK called 911, but when asked did not state that he wanted him trespassed and no contact was made between officers and DERRICK between the 911 call and the incident that ensued.

20. KRUKOSKI returned to the store with Jacob Mathis ("MATHIS") and located a confused and frightened THE DECEDENT. MATHIS is wearing his own BWC and the entire encounter was captured on video. KRUKOSKI did not tell MATHIS that THE DECEDENT had heart problems. MATHIS, willfully and with reckless indifference to the rights of THE DECEDENT can be seen quickly becoming frustrated with THE DECEDENT and immediately begins to tase and otherwise use excessive force upon THE

DECEDENT, who did not resist arrest and was not committing a crime willfully and with reckless indifference to the rights of THE DECEDENT.

21. THE DECEDENT was not a threat to officers or the other customers in the store as evidenced by the video and the fact that officers had already concluded that THE DECEDENT did not possess any weapons during the search of his person. THE DECEDENT was not resisting arrest neither officer told THE DECEDENT that he was under arrest or that he was being trespassed.

21. MATHIS willfully and recklessly engaged THE DECEDENT by using an improper choke hold maneuver and putting his arm across THE DECEDENT'S neck. THE DECEDENT was then bearhugged by MATHIS and both of them fall to the floor with THE DECEDENT landing on his stomach and MATHIS landing atop his back.

22. KRUKOSKI, was recklessly indifferent to the rights of THE DECEDENT and willfully failed to intervene on behalf of THE DECDENT and to provide emergency medical treatment for THE DECEDENT'S obvious signs of need for medical intervention, and made the decision to use his taser device to subdue THE DECEDENT at the same time that he is being choked by MATHIS. KRUKOSKI can be seen using the taser on THE DECEDENT as many as eight (8) times despite being aware of his medical episode and THE DECEDENT'S known heart problem.

23. Sharon Contri ("CONTRI") was a witness to the incident and caught the altercation on her cell phone video camera. She can be heard telling the officers that "he is out" and to stop choking him.

24. THE DECEDENT can be seen falling unconscious and going limp in the CONTRI cell phone video, and ultimately expiring.

25. MATHIS can be heard repeatedly yelling at him to "stop resisting" despite the fact that THE DECEDENT had stopped struggling and was no longer conscious. THE DECEDENT lays on the floor silent and lifeless while MATHIS remains on his back, continues choking him, and yelling at him to "stop resisting."

26. KRUKOSKI continues to tase THE DECEDENT several more times.

27. Nearly a full minute after THE DECEDENT falls unconscious, officers finally realize that THE DECEDENT was unconscious and not breathing however they take the time to handcuff THE DECEDENT before turning him over to perform CPR.

28. MATHIS begins CPR while KRUKOSKI runs to his patrol vehicle to get his AED device.

29. THE DECEDENT's complexion was blue (cytogenic) indicating a lack of oxygen to his tissue. THE DECEDENT never regained consciousness. THE DECEDENT was transported to Holmes Regional Medical Center where he was pronounced dead.

**COUNT I – VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION - EXCESSIVE FORCE – 42 USC § 1983 (OFFICER KEVIN KRUKOSKI)**

30. The DECEDENT repeats paragraphs 1-29 and incorporates them herein by reference.

31. This cause of action is brought by THE DECEDENT, against Defendant, KRUKOSKI, for the excessive use of force under color of law that deprived THE DECEDENT, of his right under the Fourth Amendment to the United States Constitution.

32. Without legal cause or justification, Defendant, KRUKOSKI, used excessive physical force against The DECEDENT, and repeatedly tased THE DECEDENT and/or failed to stop others from tasing THE DECEDENT that was

excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution. This Defendant acting in concert with the other individually named Defendants utilized excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the United States Constitution causing THE DECEDENT to expire.

33. As a direct and proximate result of Defendant, KRUKOSKI's actions, THE DECEDENT, suffered damages, including but not limited to damages allowed under 42 USC § 1983, and pursuant to Florida Statues, Section 768.20 and 768.21, the Personal Representative of the Estate seeks damages sustained by the Estate which are sought to be recovered as outlined.

    a. Mental pain and suffering; and

    b. Loss of companionship.

    c Medical and funeral expenses; and

    d. Loss of net accumulations.

    e. All other damages allowed by law.

WHEREFORE, THE DECEDENT, respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) punitive damages against Defendant, KRUKOSKI, (c) Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and (d) such other and further relief as this Court deems necessary and proper.

### COUNT II – VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION - EXCESSIVE FORCE – 42 USC § 1983 (OFFICER JACOB MATHIS)

34. THE DECEDENT repeats paragraphs 1-29 and incorporates them herein by reference.

35. This cause of action is brought by THE DECEDENT, against Defendant, MATHIS, for the excessive use of force under color of law that deprived THE DECEDENT, of his right under the Fourth Amendment to the United States Constitution.

36. Without legal cause or justification, Defendant, QUINN, used physical force against THE DECEDENT, that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution. This Defendant acting in concert with the other individually named Defendants utilized excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the United States Constitution causing THE DECEDENT to expire.

37. As a direct and proximate result of Defendant, MATHIS's actions, THE DECEDENT, suffered damages. THE DECEDENT, suffered damages, including but not limited to damages allowed under 42 USC 1983, and Pursuant to Florida Statues, Section 768.20 and 768.21, the Personal Representative of the Estate seeks damages sustained by the estate which are sought to be recovered as outlined.

    a. Mental pain and suffering; and

    b. Loss of companionship.

    c Medical and funeral expenses; and

    d. Loss of net accumulations.

    e. All other damages allowed by law.

WHEREFORE, THE DECEDENT, respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) punitive damages against

Defendant, KRUKOSKI, (c) Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and (d) such other and further relief as this Court deems necessary and proper.

## COUNT IV: § 1983 FAILURE TO PROPERLY TRAIN STAFF
## (CITY OF WEST MELBOURNE)

38.  THE DECEDENT repeats paragraphs 1-29 and incorporates them herein by reference.

39.  This cause of action is brought by THE DECEDENT, against THE CITY OF WEST MELBOURNE, which is a municipal body. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. S*ee City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).

40.  At all times relevant, Defendant, City of West Melbourne, had a duty to properly train, supervise, and discipline their employees and agents.

41.  Defendant breached that duty, in part, by: a. Improperly training, authorizing, encouraging or directing officers on proper use of force. b. Failing to investigate allegations of excessive force. c. Failing to discipline officers for violations of policy related to excessive force.

42.  The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of the Defendants named herein and the Defendant entities' failure to train, supervise, investigate, and discipline any of

the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

43. This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

44. Defendants failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the City of West Melbourne.

45. The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

WHEREFORE, as a direct and proximate cause of the actions of the Defendant, THE DECEDENT, suffered damages, including but not limited to damages allowed under 42 USC § 1983, and pursuant to Section 768.20 and 768.21, Florida Statutes, the Personal Representative of the Estate seeks damages sustained by the estate which are sought to be recovered as outlined.

    a. Mental pain and suffering; and

    b. Loss of companionship.

    c Medical and funeral expenses; and

    d. Loss of net accumulations.

    e. All other damages allowed by law.

WHEREFORE, THE DECEDENT, respectfully requests this Court to award (a) reasonable and appropriate compensatory damages, (b) punitive damages against Defendant, CITY OF WEST MELBOURNE, (c) Plaintiff's costs, expenses and

reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and (d) such other and further relief as this Court deems necessary and proper.

                              Respectfully submitted,

                              */s/ John Vernon Moore /s/*
                              **JOHN VERNON MOORE, ESQUIRE**
                              Florida Bar No. 105403
                              ***The Law Office of John Vernon Moore, P.A.***
                              700 N. Wickham Road, Suite 206
                              Melbourne, Florida 32935
                              Tel. (321) 529-7777
                              Fax (321) 821-0466
                              E-Mail: John@JMooreLegal.com
                              CourtDocs@JMooreLegal.com
                              MichaelBross@brosslawoffice.com
                              *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

> ***/s/ John Vernon Moore /s/***
> **JOHN VERNON MOORE, ESQUIRE**
> Florida Bar No. 105403
> ***The Law Office of John Vernon Moore, P.A.***
> 700 N. Wickham Road, Suite 206
> Melbourne, Florida 32935
> Tel. (321) 529-7777
> Fax (321) 821-0466
> E-Mail: John@JMooreLegal.com
> CourtDocs@JMooreLegal.com
> michaelbross@brosslawoffice.com
> *Attorney for Plaintiffs*