EXHIBIT G

## **INTERROGATORIES TO PLAINTIFF, DIANNE LEVESQUE, as Personal Representative of the ESTATE OF DONALD WHITMER, JR.**

1.      What is your full name (including any maiden names, middle names, or middle initial, if any), address, date of birth, social security number, your relationship to the Decedent?

Dianne Levesque
2275 Orbit Court, Apt. #165, West Melbourne, Florida 32904
█████████
Former girlfriend

2.      Describe in detail each act or omission on the part of this Defendant that you contend constituted a violation of the Decedent's rights under the Fourth Amendment.

Officer Mathis killed him, therefore violating his Fourth Amendment right.

3.      Has the Decedent ever been arrested? If so, state the date of each arrest and conviction, the name of the officer who made each arrest, the name of the political subdivision that employed him, the crime of which he were accused, the court in which he was accused in, and the final disposition of any action that was instituted on each charge, including any sentence(s) imposed.

Yes, but I do not know the details of each arrest.

4.      List any and all prior accidents, lawsuits, or claims for person injury or disability (including but not limited to Worker's Compensation, Social Security, FMLA) in which the Decedent had been involved.

Auto accident in Brevard County in January 2018.

5.      Did the Decedent wear glasses, contact lenses, or hearing aids?  If so, who prescribed them, when were they prescribed, and when were the Decedent's eyes last examined and by whom?

No.

6.      State the names and addresses of all counselors, psychologists, psychiatrists or other health care providers who have provided care to any survivor of the Decedent prior to the Decedent's death and any survivor subsequent to the Decedent's death, and as to each describe the type of care and the dates it was rendered and the cost of care.

I do not know.

7.   List the names and business addresses of all physicians, medical facilities, or other health care providers by whom or at which the Decedent had been examined or treated in the past 10 years and state as to each the dates of examination or treatment and the condition or injury for which the Decedent was examined or treated.

Brevard Health Alliance; 5270 Babcock St NE STE 1, Palm Bay, FL 32905. I do not know the exact dates, but he was still being treated there at the time of his death. I do not know the names of the physicians that treated him except or the conditions, except that he was being treated for ongoing medical issues.

Palm Bay Hospital; 1425 Malabar Rd NE, Palm Bay, FL 32907. He went there in January 2018 for an auto accident. I do not know the treating physicians.

Sayid Qaiser, MD; 1750 Cedar St, Rockledge, FL 32955

Julie Hegert, MD; 92 W. Miller Street, Orlando, FL 32806

8.   Please state the date, time, and place of the Decedent's death and the names and addresses of all persons present at that time, including any doctors, nurses or other medical persons in attendance.

Donnie died on May 21, 2018. I do not know any of the other information.

9.  Other than the injury or physical condition allegedly resulting in the death of the Decedent, list in detail any type of prior disability or physical infirmities suffered by the Decedent, giving the dates and by whom treated.  Please include within this response all physical, mental, emotional and medical conditions, disabilities and/or ailments.

He had a heart condition, but I do not know the name of it and do not know who he treated with other than the Brevard Health Alliance.

He was treated for bi-polar disorder and am not aware of the physician that treated him. It may have also been through the Brevard Health Alliance.

Palm Bay Hospital for auto accident injuries in January 2018.

10.  Please state the names and present addresses of all persons who do or may have knowledge concerning the facts upon which the issues of this suit are based, including but not limited to, eyewitnesses and others with knowledge of the facts and circumstances, as well as, all doctors and others having information concerning the medical and/or physical condition of the Decedent.

Breanna Whitmer.

11.     State what photographs, if any, exist with respect to the issues of this suit, the names and addresses of the photographer and the custodian of the photographs.

I do not have any photographs in my possession. All photographs provided by the police department and medical examiner and been provided to opposing attorneys.

This answer is subject to being supplemented.

12.     Please provide the name and address of the decedent, DONALD WHITMER, JR..'s, cellular telephone service provider and his cellular telephone number in service at the time of the incident described in the Amended Complaint.

Boost Mobile; ██████████

13.     List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard or who is purported to have heard any of the Defendants make any statement, remark or comment concerning the incident described in the Amended Complaint and the substance of each statement, remark or comment.

I do not know of anyone.

14.     With reference to the Decedent's employment for the ten (10) years preceding his death, please state as to each employment the address of the employer, dates of employment, duties performed and rate of pay.

He was self-employed. The employers that I am aware he worked for are as follows:

Johnson Home Repair; 829 Cheriton St. Deltona, FL 32725; he worked as a laborer. I do not know the dates of employment or the rate of pay.

Esco Services (Tampa). He worked as a laborer. I do not know the date of employment, the address of the employer, or the rate of pay.

People Ready; 812 Dixon Blvd, Cocoa, FL 32922. He worked as a laborer. I do not know the date or address of the employer, or the rate of pay.

15.     What was the Decedent's net income in each of the past five (5) years prior to his death, including a listing of all sources of income?

I do not know.

16.     Please specify each and every fact which supports your allegations that this Defendant "willfully and recklessly engaged THE DECEDENT by using an improper chokehold maneuver…" as alleged in Paragraph 21 of Plaintiff's Amended Complaint.

Officer Mathis placed his forearm directly across Donnie's windpipe. He pushed his upper body downward on Donnie's shoulders, creating pressure between his forearm and Donnie's throat.

Officer Mathis did this even though there is was not an imminent, deadly force situation.

17. Please specify each and every fact which supports your allegations that this Defendant used excessive, unnecessary, and unreasonable force as alleged in Paragraph 36 of Plaintiff's Amended Complaint.

Donnie was not being violent. He did not ever indicate that he was a danger to officers or the customers in the store. He was not an immediate threat to officers, he had not committed a felony, he was not actively resisting arrest, and he was not a flight risk since he was not trying to leave, but stay where he was at the time.

The force used to "subdue" him was excessive and unnecessary given that he had not done anything to warrant such force.

## <u>INTERROGATORIES TO PLAINTIFF, DIANNE LEVESQUE, as Personal Representative of the ESTATE OF DONALD WHITMER, JR.</u>

1.      What is your full name (including any maiden names, middle names, or middle initial, if any), address, date of birth, social security number, your relationship to the Decedent?

Dianne Levesque
2275 Orbit Court, Apt. #165, West Melbourne, Florida 32904
███████

Former girlfriend

2.      Please state the decedent's full name, date of birth, social security, and his age and address at the time of his death.

Donald Edward Whitmer, Jr.
██████████

45 YOA
770 Wildbriar Road NE, Apt. #208, Palm Bay, Florida 32901

3.      List all former names and nicknames for the Decedent, and when he was known by those names. State all addresses where the Decedent lived for the past ten years, the dates he lived at each address.

He went by Donnie. I do not know all the addresses of where he lived.

4.      Was the decedent ever married? If so, please state the names, addresses, and telephone numbers of all the decedent's past spouses, including the dates of the beginning and end to each marriage. If the decedent was married on the date of his passing, please give the details of this marital relationship, including whether there have been any separations, marital counseling and/or court actions.

Yes, he was married to Bobbie Lee Whitmer from 1993 to her death on March 21, 2010.

5.     State the full names, relationships to the decedent, addresses, ages, telephone numbers, Social Security Numbers, and dates of birth of all surviving heirs and descendants of the decedent, including decedent's spouse, children, parents, siblings, blood relatives (part or whole), adopted brother/sisters, adopted children, and any and all illegitimate children of either the decedent or his spouse.

Brianna Whitmer (child); 2275 Orbit Court, Apt. #165, West Melbourne, Florida 32904
Nicholas Whitmer (child); 68 State Road 258, Newcomerstown, Ohio 43832
Donald Whitmer, III (child)
Dakota Whitmer (child)
Tommi Whitmer (child)
Trey Whitmer (child)
Brittony Whitmer (child)

I do not know any other information at this time.

6.     Describe in detail how the incident(s) referenced in the Amended Complaint happened, including all actions taken by Donald Whitmer, Jr. to prevent the incident(s). (Reference to your Amended Complaint is not a sufficient answer since the Amended Complaint is not sworn to nor is it ordinarily admissible as evidence).

This happened by the officer using excessive force on Donnie despite the posthumous charges against him rising to the level of the force used. He died as a result of the excessive force. Donnie was attempting to release himself from the situation and struggled to be released from the officers because he could not breathe. He attempted to take himself out of the situation because he feared the officers were going to hurt him.

7.     Did the Decedent die testate?   If so, please state the names and addresses of the beneficiaries and the participation granted each under the will.

No, he did not have a will.

8.     State the money value of the Decedent's estate and Decedent's net worth on the date of his death.

I am only aware of the approximately $17,000 that he had in his possession when he died.

9.      Please state the money value of whatever you, and any of the alleged beneficiaries, each reasonably expected to receive from the Decedent had he lived his normal life expectancy.

**Unknown at this time. I, as a personal representative of the estate, do not expect to receive any money and I cannot provide any money value reasonably expected to receive on behalf of any alleged beneficiaries. The normal life expectancy of Donald Whitmer, Jr. is unknown.**

10.     Other than his earnings or other income generating activities, did the Decedent have any other independent sources of income prior to his death? If so, please state the source, yearly amount and whether or not said income continued after his death to you or to his estate?

I do not know.

11.     Please state what policies of insurance covered the Decedent on the date of his death, including the name of the insurer, a description of type of policy, the amount of proceeds paid or payable, and the name and address of the beneficiary

None.

12.     Approximately what portion, if any, of the Decedent's earnings were used to support himself? What portion was used to support each of his survivors in the ten (10) years prior to his death?

I do not know.

13.     What, if any, savings, either in money or assets, had Decedent accumulated prior to his death? If any, identify each savings account or other asset in name, type and location.

I do not know of any other than the amount previously stated.

14.     Describe the services and support the Decedent rendered during the last ten (10) years of his life, if any, to any survivors.

I do not know.

15. List each item of expense, to include medical or funeral expenses, that the Decedent, his personal representative or estate, claimed to have incurred as a result of the injuries or death sued on in this action; giving for each item the date incurred, to whom owed or paid and the services for each was incurred.

Burial expenses; $1,242.00; May 2018; paid by Breanna Whitmer

Transport for independent autopsy; $500.00; May 2018; paid by John Vernon Moore

Independent autopsy; $2,400.00; June 2018; paid by John Vernon Moore

Brevard County Fire Rescue; $861.75; May 2018; unpaid

Homes Regional Medical Center; amount unknown at this time; May 2018; unpaid

More expenses may be supplemented as they become known.

16. Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: (a) the claim to which the item of damages relates; (b) the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; (c) the factual basis for each item of damages; (d) an explanation of how you computed each item of damages, including any mathematical formula used; and, (e) identify each document pertaining to each item of damages stated.

I am not sure what this question is asking without further clarification

17.     Describe in detail each act or omission on the part of this Defendant that you contend constituted a violation of the Decedent's rights under the Fourth Amendment.

Officer Krukoski killed him, therefore violating his Fourth Amendment right.

18. State whether you, your attorneys, employees, agents or servants have obtained any statements from anyone with regard to the incident forming the subject matter of this lawsuit and, if so, state whether oral or written, the names and addresses or information or the location of such persons, and dates these statements were obtained.

No, I have not obtained statements from anyone. I am unaware of any witnesses' statements gathered by my attorney.

19.     Did the Decedent consume any alcoholic beverages or take any drugs or medications (including prescription and over-the-counter drugs) within 12 hours before the incident described in the complaint? If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where did the Decedent consume them?

I was not a witness to him consuming anything.

20.     Was the Decedent suffering from any physical infirmity, disability, or sickness at the time of the incident described in the Amended Complaint? If so, what was the nature of the infirmity, disability, or sickness?

He had heart problems and bi-polar disorder.

21. Please specify each and every fact which supports your allegations that Defendants Mathis and Krukoski located a "confused and frightened" Decedent as alleged in Paragraph 20 of Plaintiff's Amended Complaint.

Donnie can be seen in the video obviously confused and frightened by speaking on the phone to someone claiming "she" said "you (the officers)" are going to hurt me.

Donnie was clearly confused when he believed he saw his daughter in the parking light and officer Krukoski tells him "no one is there."

Throughout the interaction with law enforcement he appears that Donnie felt as though he believed officers would be overly aggressive and disregard any information, he provided them. He was never given respect from the officers, was belittled and shouted out that would warrant the response from officers.

22. Please specify each and every fact which supports your allegations that this Defendant was "recklessly indifferent to the rights of the Decedent and willfully failed to intervene on behalf of the Decedent … and instead, made the decision to use his taser device to subdue the Decedent…" as alleged in Paragraph 22 of Plaintiff's Amended Complaint.

Officers should have used the resources available to them to seek medical treatment instead of using choke holds and a taser to subdue someone suffering from a medical episode.

23. Please specify each and every fact which supports your allegations that this Defendant used excessive, unnecessary, and unreasonable force as alleged in Paragraph 32 of Plaintiff's Amended Complaint.

I am not sure what this question is asking without further clarification.