EXHIBIT K (OFFICER MATHIS)

## **INTERROGATORIES TO PLAINTIFF, DIANNE LEVESQUE, as Personal Representative of the ESTATE OF DONALD WHITMER, JR.**

1.      What is your full name (including any maiden names, middle names, or middle initial, if any), address, date of birth, social security number, your relationship to the Decedent?

Dianne Levesque



Former girlfriend

2.      Describe in detail each act or omission on the part of this Defendant that you contend constituted a violation of the Decedent's rights under the Fourth Amendment.

OBJECTION. The form of Interrogatory number 2, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate.  Furthermore, the Plaintiffs are not required to provide a roadmap of their case.

3.      Has the Decedent ever been arrested? If so, state the date of each arrest and conviction, the name of the officer who made each arrest, the name of the political subdivision that employed him, the crime of which he were accused, the court in which he was accused in, and the final disposition of any action that was instituted on each charge, including any sentence(s) imposed.

Yes, but I do not know the details of each arrest.

4.      List any and all prior accidents, lawsuits, or claims for person injury or disability (including but not limited to Worker's Compensation, Social Security, FMLA) in which the Decedent had been involved.

Auto accident in Brevard County in January 2018.

5.      Did the Decedent wear glasses, contact lenses, or hearing aids?  If so, who prescribed them, when were they prescribed, and when were the Decedent's eyes last examined and by whom?

 Not that I am aware of.

6.      State the names and addresses of all counselors, psychologists, psychiatrists or other health care providers who have provided care to any survivor of the Decedent prior to the Decedent's death and any survivor subsequent to the Decedent's death, and as to each describe the type of care and the dates it was rendered and the cost of care.

 I do not know.

7.   List the names and business addresses of all physicians, medical facilities, or other health care providers by whom or at which the Decedent had been examined or treated in the past 10 years and state as to each the dates of examination or treatment and the condition or injury for which the Decedent was examined or treated.

Brevard Health Alliance; 5270 Babcock St NE STE 1, Palm Bay, FL 32905. I do not know the exact dates, but he was still being treated there at the time of his death. I do not know the names of the physicians that treated him except or the conditions, except that he was being treated for ongoing medical issues.

Palm Bay Hospital; 1425 Malabar Rd NE, Palm Bay, FL 32907. He went there in January 2018 for an auto accident. I do not know the treating physicians.

Sayid Qaiser, MD; 1750 Cedar St, Rockledge, FL 32955

Julie Hegert, MD; 92 W. Miller Street, Orlando, FL 32806
Jacqueline B. Llinas, MD, 1350 Hickory Street, Melbourne, Florida 32901

8.    Please state the date, time, and place of the Decedent's death and the names and addresses of all persons present at that time, including any doctors, nurses or other medical persons in attendance.

Donnie died on May 21, 2018 at Holmes Regional Medical Center. I do not know any of the other information.

9.  Other than the injury or physical condition allegedly resulting in the death of the Decedent, list in detail any type of prior disability or physical infirmities suffered by the Decedent, giving the dates and by whom treated.  Please include within this response all physical, mental, emotional and medical conditions, disabilities and/or ailments.

He had a heart condition, but I do not know the name of it and do not know who he treated with other than the Brevard Health Alliance.

He was treated for bi-polar disorder and am not aware of the physician that treated him. It may have also been through the Brevard Health Alliance.

Palm Bay Hospital for auto accident injuries in January 2018.

10.  Please state the names and present addresses of all persons who do or may have knowledge concerning the facts upon which the issues of this suit are based, including but not limited to, eyewitnesses and others with knowledge of the facts and circumstances, as well as, all doctors and others having information concerning the medical and/or physical condition of the Decedent.

1.  Breanna Whitmer, 2275 Starlight Court, #297, West Melbourne, Florida 32904
2.  Steven  Derrick (Publix Manager), 2261 West New Haven Avenue, West Melbourne, Florida 32904
3.  Vittorio Paternostro, 773 Del Mar Circle, West Melbourne, Florida 32904
4.  Joanne Solley Hansen, 435 River View Lane, Melbourne Beach, Florida 32901
5.  Francisco M. Arana, 151 Eber Road, #102, Melbourne, Florida
6.  Jacob Mathis, 2290 Minton Road, West Melbourne, Florida 32904
7.  Kevin Krukoski, 2290 Minton Road, West Melbourne, Florida 32904
8.  Kenneth Raymond Sells, 2290 Minton Road, West Melbourne, Florida 32904
9.  Detective Donavan Brickhouse, 2290 Minton Road, West Melbourne, Florida 32904
10.  Detective Jason Campbell, 2290 Minton Road, West Melbourne, Florida 32904
11.  Lieutenant Carlos Navedo, 2290 Minton Road, West Melbourne, Florida 32904
12.  Sharon Conti, 65 SW Irvin Avenue, West Melbourne, Florida 32904
13.  Danielle Quinn, Brevard County Sheriff's Office; 700 S. Park Ave. Titusville, Fl 32780
14.  Thomas Paquette, 1160 Indian Oaks Drive, Melbourne, Florida 32901

15. Dr. Mitchell F. Miglis, 6050 Orangeview Drive, West Melbourne, Florida 32904

16. Alfred Theron Krapf, 880 Tupelo Road, Palm Bay, Florida 32905

17. Daniel Adams, 2290 Minton Road, West Melbourne, Florida 32904

18. Brevard Health Alliance; 5270 Babcock St NE STE 1, Palm Bay, FL 32905. I do not know the exact dates, but he was still being treated there at the time of his death. I do not know the names of the physicians that treated him except or the conditions, except that he was being treated for ongoing medical issues.

19. Palm Bay Hospital; 1425 Malabar Rd NE, Palm Bay, FL 32907. He went there in January 2018 for an auto accident. I do not know the treating physicians.

20. Sayid Qaiser, MD; 1750 Cedar St, Rockledge, FL 32955

21. Julie Hegert, MD; 92 W. Miller Street, Orlando, FL 32806

11.     State what photographs, if any, exist with respect to the issues of this suit, the names and addresses of the photographer and the custodian of the photographs.

I do not have any photographs in my possession. All photographs provided by the police department and medical examiner and been provided to opposing attorneys.

Any photos I receive will be produced to my attorney to give to the defendants.

12.     Please provide the name and address of the decedent, DONALD WHITMER, JR..'s, cellular telephone service provider and his cellular telephone number in service at the time of the incident described in the Amended Complaint.

Boost Mobile; 6591 Irvine Center Dr # 100, Irvine, CA 92618; 321-423-4830

13.     List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard or who is purported to have heard any of the Defendants make any statement, remark or comment concerning the incident described in the Amended Complaint and the substance of each statement, remark or comment.

I do not know of anyone personally aside from Breanna Whitmer and the 2 officers.

14.     With reference to the Decedent's employment for the ten (10) years preceding his death, please state as to each employment the address of the employer, dates of employment, duties performed and rate of pay.

He was self-employed. The employers that I am aware he worked for are as follows:

Johnson Home Repair; 829 Cheriton St. Deltona, FL 32725; he worked as a laborer. I do not know the dates of employment or the rate of pay.

Esco Services (Tampa). He worked as a laborer. I do not know the date of employment, the address of the employer, or the rate of pay.

People Ready; 812 Dixon Blvd, Cocoa, FL 32922. He worked as a laborer. I do not know the date or address of the employer, or the rate of pay.

This is all I know. If there is more information to give I will provide it.

15.      What was the Decedent's net income in each of the past five (5) years prior to his death, including a listing of all sources of income?

I do not know.

16.      Please specify each and every fact which supports your allegations that this Defendant "willfully and recklessly engaged THE DECEDENT by using an improper chokehold maneuver…" as alleged in Paragraph 21 of Plaintiff's Amended Complaint.

OBJECTION the form of Interrogatory number 16, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate.  Furthermore, the Plaintiffs are not required to provide a roadmap of their case.  Also, we object to the form of the question. The individual that could best testify about an improper chokehold or other law enforcement use of force is an expert, not a layman.

17. Please specify each and every fact which supports your allegations that this Defendant used excessive, unnecessary, and unreasonable force as alleged in Paragraph 36 of Plaintiff's Amended Complaint.

OBJECTION to the form of Interrogatory number 17, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate. Furthermore, the Plaintiffs are not required to provide a roadmap of their case. Also, we object to the form of the question. The individual that could best testify about excessive, unnecessary, and unreasonable force is a use of force or police expert.

*Dianne Levesque*
DIANNE LEVESQUE

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF BREVARD         )

BEFORE ME, the undersigned authority, personally appeared, DIANNE LEVESQUE, who, after being duly sworn, deposes and states that he is the individual who has answered the foregoing and that said answers are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 14th day of MAY, 2020.

MARIANNA M. ESPOSITO
Notary Public - State of Florida
Commission # GG 346774
My Comm. Expires Oct 15, 2023
Bonded through National Notary Assn.

Notary Public

MARIANNA M. ESPOSITO
Printed Notary Signature

Personally Known ___ OR Produced Identification
Type of Identification Produced: FL AL

16

**INTERROGATORIES TO PLAINTIFF, DIANNE LEVESQUE, as Personal**
**Representative of the ESTATE OF DONALD WHITMER, JR.**

1.      What is your full name (including any maiden names, middle names, or middle initial, if any), address, date of birth, social security number, your relationship to the Decedent?

Dianne Levesque



Former girlfriend

2.      Please state the decedent's full name, date of birth, social security, and his age and address at the time of his death.

Donald Edward Whitmer, Jr. 

3.      List all former names and nicknames for the Decedent, and when he was known by those names. State all addresses where the Decedent lived for the past ten years, the dates he lived at each address.

He went by Donnie. I do not know all the addresses of where he lived.

4.      Was the decedent ever married? If so, please state the names, addresses, and telephone numbers of all the decedent's past spouses, including the dates of the beginning and end to each marriage. If the decedent was married on the date of his passing, please give the details of this marital relationship, including whether there have been any separations, marital counseling and/or court actions.

Yes, he was married to Bobbie Lee Whitmer from 1993 to her death on March 21, 2010.

5.      State the full names, relationships to the decedent, addresses, ages, telephone numbers, Social Security Numbers, and dates of birth of all surviving heirs and descendants of the decedent, including decedent's spouse, children, parents, siblings, blood relatives (part or whole), adopted brother/sisters, adopted children, and any and all illegitimate children of either the decedent or his spouse.



Breanna   Whitmer   (child);   ████████████   ;   2275   Starlight   Court,   #297,   West Melbourne, Florida 32904

Nicholas Whitmer (child); ████████████████████████████
██████ - 68 State Road 258, Newcomerstown, Ohio 43832

Donald Whitmer, III (child); ██████████████; 2670 Benell Avenue, Columbus, Ohio

Dakota Whitmer (child); ██████████████; 2712 Larson Road SE, Gnadenhutten, Ohio

Tommi Whitmer (child); ████████████████████████████
██████ - 144 Schryver Road, Columbus, Ohio 43207

Trey  Whitmer  (child); ████████████████████████████
██████ - 133 Wrexham Avenue, Columbus, Ohio 43223

Brittony Whitmer (child); ████████████████████████████
██████ - 133 Wrexham Avenue, Columbus, Ohio 43223

I do not know any other information at this time.

6.      Describe in detail how the incident(s) referenced in the Amended Complaint happened, including all actions taken by Donald Whitmer, Jr. to prevent the incident(s). (Reference to your Amended Complaint is not a sufficient answer since the Amended Complaint is not sworn to nor is it ordinarily admissible as evidence).

OBJECTION: The form of Interrogatory number 6, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate who is not an expert. Furthermore, the Plaintiffs are not required to provide a roadmap of their case. Furthermore, the Plaintiff objects to the form of Interrogatory Number 6, as it asks to "Describe in detail how the incidents referenced in the amended complaint happened, including all actions taken by Donald Whitmer, Jr. to prevent the incident."  The form of the Interrogatory is compound, nonsensical, and overly broad.

7.       Did the Decedent die testate?      If so, please state the names and addresses of the beneficiaries and the participation granted each under the will.

No, he did not have a will.

8.       State the money value of the Decedent's estate and Decedent's net worth on the date of his death.

I am only aware of the approximately $17,000 that he had in his possession when he died.

9.      Please state the money value of whatever you, and any of the alleged beneficiaries, each reasonably expected to receive from the Decedent had he lived his normal life expectancy.


OBJECTION: The form of Interrogatory number 9 asks for an expert opinion from the Personal Representative of the Estate who is not an expert.   To the extent that it does not require expert testimony, the Personal Representative has not yet been able to determine the amounts each beneficiary is reasonably expected to receive, but she will agree to supplement this Interrogatory when and if the information becomes known to the Personal Representative.


10.      Other than his earnings or other income generating activities, did the Decedent have any other independent sources of income prior to his death? If so, please state the source, yearly amount and whether or not said income continued after his death to you or to his estate?


 I do not know.

11.     Please state what policies of insurance covered the Decedent on the date of his death, including the name of the insurer, a description of type of policy, the amount of proceeds paid or payable, and the name and address of the beneficiary

None.

12.     Approximately what portion, if any, of the Decedent's earnings were used to support himself? What portion was used to support each of his survivors in the ten (10) years prior to his death?

I do not know.

13.    What, if any, savings, either in money or assets, had Decedent accumulated prior to his death? If any, identify each savings account or other asset in name, type and location.


I do not know of any other than the amount previously stated.


14.    Describe the services and support the Decedent rendered during the last ten (10) years of his life, if any, to any survivors.


I do not know.

15. List each item of expense, to include medical or funeral expenses, that the Decedent, his personal representative or estate, claimed to have incurred as a result of the injuries or death sued on in this action; giving for each item the date incurred, to whom owed or paid and the services for each was incurred.

Burial expenses; $1,242.00; May 2018; paid by Breanna Whitmer

Transport for independent autopsy; $500.00; May 2018; paid by John Vernon Moore

Independent autopsy; $2,400.00; June 2018; paid by John Vernon Moore

Brevard County Fire Rescue; $861.75; May 2018; unpaid

Homes Regional Medical Center; amount unknown at this time; May 2018; unpaid

More expenses may be supplemented as they become known.

16.   Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: (a) the claim to which the item of damages relates; (b) the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; (c) the factual basis for each item of damages; (d) an explanation of how you computed each item of damages, including any mathematical formula used; and, (e) identify each document pertaining to each item of damages stated.

I am not sure what this question is asking without further clarification

17.    Describe in detail each act or omission on the part of this Defendant that you contend constituted a violation of the Decedent's rights under the Fourth Amendment.

OBJECTION: The form of Interrogatory number 17, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate.  Furthermore, the Plaintiffs are not required to provide a roadmap of their case. Also, objection to the form of the question. The individual that could best testify about excessive, unnecessary, and unreasonable force is a use of force or police expert.

18.    State whether you, your attorneys, employees, agents or servants have obtained any statements from anyone with regard to the incident forming the subject matter of this lawsuit and, if so, state whether oral or written, the names and addresses or information or the location of such persons, and dates these statements were obtained.

OBJECTION. Attorney-Client Privilege.

19.    Did the Decedent consume any alcoholic beverages or take any drugs or medications (including prescription and over-the-counter drugs) within 12 hours before the incident described in the complaint? If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where did the Decedent consume them?

I was not a witness to him consuming anything.

20.      Was the Decedent suffering from any physical infirmity, disability, or sickness at the time of the incident described in the Amended Complaint? If so, what was the nature of the infirmity, disability, or sickness?

He had heart problems and bi-polar disorder.

21.    Please specify each and every fact which supports your allegations that Defendants Mathis and Krukoski located a "confused and frightened" Decedent as alleged in Paragraph 20 of Plaintiff's Amended Complaint.

Donnie can be seen in the video obviously confused and frightened by speaking on the phone to someone claiming "she" said "you (the officers)" are going to hurt me.

Donnie was clearly confused when he believed he saw his daughter in the parking light and officer Krukoski tells him "no one is there."

Throughout the interaction with law enforcement he appears that Donnie felt as though he believed officers would be overly aggressive and disregard any information, he provided them. He was never given respect from the officers, was belittled and shouted out that would warrant the response from officers.

22.    Please specify each and every fact which supports your allegations that this Defendant was "recklessly indifferent to the rights of the Decedent and willfully failed to intervene on behalf of the Decedent … and instead, made the decision to use his taser device to subdue the Decedent…" as alleged in Paragraph 22 of Plaintiff's Amended Complaint.

OBJECTION. The form of Interrogatory number 22, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate.  Furthermore, the Plaintiffs are not required to provide a roadmap of their case. Also, object to the form of the question. The individual that could best testify about excessive, unnecessary, and unreasonable force is a use of force or police expert.  To the extent that the answer to this question is not objectionable, and without waiving the objection above, we will agree to supplement this response within 30 days.

23.   Please specify each and every fact which supports your allegations that this Defendant used excessive, unnecessary, and unreasonable force as alleged in Paragraph 32 of Plaintiff's Amended Complaint.

OBJECTION: The form of Interrogatory number 23, as it is overly broad, unduly burdensome, and asks for an expert opinion from the Personal Representative of the Estate.  Furthermore, the Plaintiffs are not required to provide a roadmap of their case.  Also, object to the form of the question. The individual that could best testify about excessive, unnecessary, and unreasonable force is a use of force or police expert.  To the extent that the answer to this question is not objectionable, and without waiving the objection above, we will agree to supplement this response within 30 days.

*Dianne Levesque*
DIANNE LEVESQUE

STATE OF FLORIDA           )
                           ) SS:
COUNTY OF BREVARD )

BEFORE ME, the undersigned authority, personally appeared, DIANNE LEVESQUE,

who, after being duly sworn, deposes and states that he is the individual who has answered the

foregoing and that said answers are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 14th day of MAY, 2020.

> MARIANNA M. ESPOSITO
> Notary Public - State of Florida
> Commission # GG 346774
> My Comm. Expires Oct 15, 2023
> Bonded through National Notary Assn.

_____
Notary Public

MARIANNA M. ESPOSITO
Printed Notary Signature

~~Personally Known~~   OR Produced Identification
Type of Identification Produced:   FLDL

13