UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANNE LEVESQUE as Personal
Representative of the ESTATE OF
DONALD WHITMER, JR.,
for and on behalf of his children
BREANNA NICKOLE WHITMER,
NICHOLAS WHITMER, DONALD WHITMER, III.,
DAKOTA WHITMER, TOMMI WHITMER,
TREY WHITMER, BRITTONY WHITMER,

CASE NO: 6:19-cv-2187-ORL-40DCI

  Plaintiff,

vs.

CITY OF WEST MELBOURNE, a
political subdivision of the State of Florida;
JACOB MATHIS; KEVIN
KRUKOWSKI; DANIELLE QUINN,
Individually,

  Defendants.
_____/

### RESPONSE TO ALL OBJECTIONS AND MOTIONS TO QUASH PLAINTIFFS' SUBPOENA DIRECTED TO THE BREVARD COUNTY SHERIFF'S OFFICE

**COMES NOW**, DIANNE LEVESQUE as Personal Representative of the ESTATE OF DONALD WHITMER, JR., for and on behalf of his children BREANNA NICKOLE WHITMER, NICHOLAS WHITMER, DONALD WHITMER, III., DAKOTA WHITMER, TOMMI WHITMER, TREY WHITMER, BRITTONY WHITMER, (hereinafter "Plaintiffs"), and hereby files this response to all outstanding Objections and Motion to Quash Plaintiff's Subpoena to Produce (Doc. 64 and Doc. 65), served on the Brevard County Sheriff's Office on or about August 5, 2020, and in support thereof states:

  The Plaintiff has served a Subpoena to the Brevard County Sheriff's Office to Produce the in-

custody jail video of Gregory Edwards more fully discussed in the Motion to Quash.

Wayne Ivey, in his official capacity as Sheriff of Brevard County and joined by the Defendant, CITY OF WEST MELBOURNE objects to Subpoena to produce the video citing that it lacks relevancy of the subpoenaed video, the disclosure of the video is protected matter, and failure to resolve outstanding objections before serving the Subpoena upon the Brevard County Sheriff's Office.

## ARGUMENT AND LEGAL AUTHORITY

1.      **RELEVANCY OF THE SUBPOENAED SURVEILLANCE VIDEO**

Fed. R. Civ. P. 26(b)(1) "permits parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

The video requested was precipitated by the arrest of Gregory Edwards by the Defendant, Kevin Krukoski, in West Melbourne, who personally transported him in his agency vehicle to the Brevard County Jail Complex. The Defendant reported that "*Due to Edwards being combative he was directly transported to the Brevard County Jail. During the transport, Edwards became agitated again and began kicking, stomping, and screaming while in the back seat. Brevard County Jail Deputies were waiting for my arrival and assisted in removing Edwards from my vehicle and bringing him into the booking room.*" See attached **Exhibit A**. Officer Krukoski placed himself in the booking area of the jail at or very near the time of the altercation captured on the requested video.

Defendant, Jacob Mathis participated in the apprehension of Mr. Edwards in the West Melbourne Walmart parking lot by getting "*on top of Gregory in full police uniform at this time, and a struggle ensued. Gregory continued to kick and flail his arms in an attempt to escape from my grasp. I tried to handcuff Gregory, yielding negative results.*" See attached **Exhibit B**.

Sergeant Michael Perez, #762 of the West Melbourne Police Department, reported, "*Moments later Ofc Mathis advised he was on scene and requested another unit. Ofc Krukoski and I responded*

*from the West Melbourne Police Department. While responding, Ofc Mathis requested that responding units expedite their response. Dispatch contacted Palm Bay Police Department and requested officers to respond if they were in the area of Palm Bay Rd, concerning an officer in a fight with a subject. I arrived on scene and observed Ofc Mathis was holding a subject on the ground."* See attached **Exhibit C.** "Holding the subject on the ground" is the exact same maneuver used by Officer Mathis during the in-custody death of Donald Whitmer.

The City has alleged an affirmative defense in this case that, "*No policy, custom, or **<u>widespread practice of the City</u>** caused or was the "moving force" for the alleged violation of the Decedent's federally-protected rights*," therefore, given the extraordinary similarities in the two incidents, the video is discoverable material that may reinforce the Plaintiff's claim against the City by showing a custom of how combative detainees are treated by West Melbourne police officers, particularly the same two police officers named in this suit.

The City has served interrogatories on Plaintiff, Dianne Levesque requesting she, "*Describe in detail all facts and circumstances that support your contention that a policy, custom, or widespread practice (or two or more of the foregoing) of the City of West Melbourne caused or was the moving force behind the alleged deprivation of one or more of Donald E. Whitmer, Jr.'s federally-protected rights on May 21, 2018."* As evidenced by their Joinder in Sheriff Wayne Ivey's Second Objection and Motion to Quash Plaintiff's Subpoena to produce the video, they are attempting to deprive the Plaintiff of discoverable material in which to mount an argument and respond to their Interrogatory. Without the ability to view the video, Plaintiff is merely relying on the word of others that the video does not contain relevant information as it pertains to the in-custody death of Gregory Edwards. Given the fact that Mr. Edwards's cause of death was ruled similarly to Donald Whitmer, it is a possibility the in-custody death of Mr. Edwards ultimately resulted from the previous contact with Defendants Krukoski and Mathis in the Walmart parking lot. Therefore, the Subpoena

commanding "*the in-custody jail surveillance video of Gregory Edwards taken in the booking are[a] [sic] on December 9, 2018*" is not overly-broad and wholly relevant to this case. Additionally, the video is not irrelevant merely because the Brevard County Jail is a separate agency and legal entity from the West Melbourne Police Department/City of West Melbourne, as such an argument would suggest that the video would still not be relevant had the Defendants caused Gregory Edwards death simply because the two agencies are unrelated.

The video is directly proportional to the needs of the case considering the death of Gregory Edwards and Donald Whitmer were eerily similar as: both involved the same West Melbourne police officers, both forcefully detained by the Defendant/victims, both died in police custody while suffering from a mental health episode, both were alleged to have died from "excited delirium," and both suffered trauma resulting in the same cause of death.

**2. THE REQUESTED DISCLOSURE IS NOT A PROTECTED MATTER**

Sheriff Ivey alleges the video is protected under Pursuant to Fla. Stat. §281.301 and Fla. Stat. and § 119.071, because it contains information that is confidential and exempt from public inspection. He contends the video commanded in the Subpoena is a "*visual presentation derived from the security system surveillance cameras mounted on the exterior and interior areas of the Brevard County Jail Complex. Specifically, production of the surveillance video commanded by Plaintiff's Subpoena would reveal several aspects of the Brevard County Jail Complex's security system including locations of surveillance cameras and control and monitoring of the system and facility; fire safety alarms and equipment; points of entry and exit from the Jail Complex; location, movement, and operations of corrections deputies; booking procedures and operation plans of BCSO; security monitors; locking mechanisms for cell doors and physical layout of the exterior and interior of the Brevard County Jail Complex; locations which are concealed from security surveillance view; and of utmost concern – all aspects of the reception/booking area of the Brevard County Jail Complex.*

*The security of the location where inmates are first brought into custody is of utmost importance to BCSO*."

However, Plaintiff asserts that the exemption does not apply, or if it does, then Wayne Ivey, in his official capacity as Sheriff of Brevard County, waived the exemption by publishing numerous video productions showing the same security procedures and areas of the jail where Gregory Edwards lost consciousness and that he claims are protected from disclosure. If the exemption applies and there has been no waiver, the Sheriff should have released the video in furtherance of his duties. In the alternative, if there has been no waiver and no unlawful failure by BCSO to release the video in furtherance of its duties, then there is ample good cause for the Court to order disclosure of the recordings.

Notwithstanding, the alleged security concern by Sheriff Ivey, he has published numerous educational and promotional videos online showing the same area of the jail complex where the Gregory Edwards incident occurred on December 9, 2018. The content and distribution of those videos on the internet directly contradicts the Sheriff's asserted security concerns. These videos have been available for public viewing on social media and YouTube the last three (3) years. They provide the public with a clear view of different security, "protected," features and procedures that the Sheriff claims will be revealed by releasing the disputed recording of the jail. His YouTube show titled "*Behind the Bars*" openly shows the **entire jail booking area**, nearby detention cells, surveillance camera locations, and other security features of jail intake and booking areas.

The security system exemption applies when videos may reveal the capabilities—and as a result, the vulnerabilities—of a current security system. *C. Fla. Reg. Tran. Auth. v. Post-Newsweek Stations Orlando*, 157 So. 3d 401 (Fla. 5th DCA 2015); *see also* Op. Att'y Gen. Fla. 15-06 (2015). The purpose of the exemption is to stop criminally minded individuals from ascertaining how to navigate around a security system if records reveal the range and location of cameras. That concern

is not present here because (i) the locations of cameras in the jail complex booking area are readily visible to the casual observer; (ii) BCSO has produced and published numerous online videos which clearly show the locations of cameras in the jail complex booking area; and (iii) the requested public record pertains to an incident that occurred in a small portion of the booking and viewing area. The objected recording would not reveal any exploitable vulnerabilities in the jail's security system that has not already been exposed by the Sheriff himself.

The revelations made on said videos created and distributed by Sheriff Ivey, nullify his assertion that the Edwards video will weaken jail security or reveal exempt information and should not be given any consideration given the fact that he waived the exemption by posting the video online.

**WHEREFORE**, Plaintiff asks this Honorable Court to deny all outstanding objections and Motions regarding this issue and compel the Brevard County Sheriff's Office to produce the requested video.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof has been furnished via email service to all parties on the attached Counsel List this 24th day of August 2020.

*/s/ John Vernon Moore /s/*
 JOHN VERNON MOORE, ESQUIRE
Florida Bar No. 105403
700 N. Wickham Road, Suite 206
Melbourne, Florida 32935
Tel. (321) 529-7777
Fax (321) 529-2289
E-Mail:
    John@JMooreLegal.com
    CourtDocs@JMooreLegal.com
    gary@brosslawoffice.com
*Attorney for Plaintiffs*

STYLE: LEVESQUE v. CITY OF WEST MELBOURNE, ET AL.
CASE NO.: 6:19-cv-2187-Orl-40DCI

**COUNSEL LIST**

MICHAEL J. ROPER, ESQ.
FBN: 473227
FRANK MARI, ESQ.
FBN: 93243
Bell & Roper, P.A. 2707 E.
Jefferson St. Orlando, FL 32803
Counsel for Defendant City
PHONE: 407-897-5150
FAX: 407-897-3332
EMAIL: mroper@bellroperlaw.com, fmari@bellroperlaw.com

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants Mathis, Krukoski &
Quinn PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com, lreynolds@rrbpa.com
FBN: 380687

JOHN VERNON MOORE, ESQ.
Law Office of John Vernon Moore,
P.A. 700 N. Wickham Road, Suite 206
Melbourne, FL 32935
Counsel for Plaintiff
PHONE: 321-529-7777
FAX: 321-529-2289
EMAIL: john@jmoorelegal.com
E-SERVICE: : courtdocs@jmoorelegal.com
FBN: 105403

GARY LINDSEY HOLLAND, ESQ.
FBN: 860610
997 S. Wickham Road
Melbourne, FL 32904
Co-Counsel for Plaintiff
PHONE: 321-728-4911
FAX: 321-728-4870
EMAIL: Gary@brosslawoffice.com
E-SERVICE: Gary@brosslawoffice.com