UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 6:19-cv-2187-Orl-40DCI

DIANNE LEVESQUE as Personal
Representative of the ESTATE OF
DONALD WHITMER, JR.,
for and on behalf of his children
BREANNA NICKOLE WHITMER,
NICHOLAS WHITMER, DONALD WHITMER, III.,
DAKOTA WHITMER, TOMMI WHITMER,
TREY WHITMER, BRITTONY WHITMER,

    Plaintiff,

vs.

CITY OF WEST MELBOURNE,
a political subdivision of the State
of Florida; JACOB MATHIS,
Individually,
KEVIN KRUKOSKI,
Individually,
    Defendants.
_____/

## AMENDED RESPONSE TO DEFENDANT MATHIS AND KRUKOSKI'S MOTION TO COMPEL BETTER REPONSES TO INTERROGATORIES AND OVERRULE PLAINTIFF'S OBJECTIONS

**COMES NOW**, DIANNE LEVESQUE, as Personal Representative of the ESTATE OF DONALD WHITMER, JR., for and on behalf of his children BREANNA NICKOLE WHITMER, NICHOLAS WHITMER, DONALD WHITMER, III., DAKOTA WHITMER, TOMMI WHITMER, TREY WHITMER, BRITTONY WHITMER, (hereinafter "Plaintiffs"), and hereby files this Amended Response to Defendants MATHIS and KRUKOSKI'S Amended Motion to Compel Better Responses to Interrogatories and Overrule Plaintiff's Objections, (DOC 60), and in support thereof states as follows:

1

Defendants Krukoski and Mathis have filed a Motion to Compel Better Responses to Interrogatories and Better Responses to Request to Produce and Overrule Plaintiff's Objections (DOC 60). An Amended Response is necessary as Plaintiff's counsel has attempted to resolve all of the issues in the Motion to Compel by conferring with all Defendants' counsel and serving Fifth Amended Answers to Mathis' Interrogatories, *see* ***Exhibit "A,"*** and Fifth Amended Answers to Krukoski's Interrogatories, *see* ***Exhibit "B."***

Unfortunately, despite the Plaintiff's repeated efforts, she has still been unable to satisfy the Defendants in regards to the issues raised in their Motion to Compel. The Plaintiff believes that any issues the Defendants have with the Answers provided by the Personal Representative of the Estate could be asked during her deposition which is currently set for August 27, 2020.

In general, the Defendants in DOC 60 seek information that the Personal Representative of the Estate does not know. Courts of this Circuit has long held that "Answers to Interrogatories must be based on personal knowledge in order for the answers to interrogatories to be considered" evidence. *See Portis v. Dillard Store Services, Inc.,* 148 F. Supp.2d 1269, 1271 (11th Cir. 2001). It is disingenuous and contrary to the Rules and Caselaw interpreting the same to require the Plaintiff's Counsel to Answer the Interrogatories based on their knowledge, rather than the personal knowledge of the Personal Representative, especially that those same Answers to the Interrogatories will be used a sword against her at a Deposition and Jury Trial.

### **ARGUMENT AND AUTHORITIES**

The Interrogatories and the Fifth Amended Answers served on August 26, 2020, referenced herein as Exhibit A and B are discussed below.

# Interrogatories to Plaintiff from Officer Mathis

*Interrogatory No. 6*

State the names and addresses of all counselors, psychologists, psychiatrists or other health care providers who have provided care to any survivor of the Decedent prior to the Decedent's death and any survivor subsequent to the Decedent's death, and as to each describe the type of care and the dates it was rendered and the cost of care.

**Answer:** I do not know. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

The Personal Representative does not know the Answer to Interrogatory 6, but will, of course, supplement the same if this information becomes known. Defendant Mathis is asking the Personal Representative to provide information that she does not know, and accordingly, we ask that the Court deny the Motion to Compel. Therefore, this Honorable Court should find that the Personal Representative answered the question to the best of her ability and Deny Defendant's Motion, and award the Plaintiffs costs and fees for having to respond to the same.

*Interrogatory No. 15*

What was the Decedent's net income in each of the past five (5) years prior to his death, including a listing of all sources of income?

**Answer:** I do not know. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

The Personal Representative does not know the answer to this question, which was explained to the Defendant, but the Plaintiff will, of course, supplement the same if this information becomes known. Defendant Mathis is asking the Personal Representative to provide information that she does not know. Accordingly, we ask that the Court deny the Motion to Compel, but the Plaintiffs may hire an economist who could answer this question.

## Interrogatories to Plaintiff from Officer Krukoski

### *Interrogatory No. 3*

List all former names and nicknames for the Decedent, and when he was known by those names. State all addresses where the Decedent lived for the past ten years, the dates he lived at each address.

> **Answer:** Donald Edward Whitmer, Jr. His nickname was "Donnie."
>
> He lived with me at 770 Wildbriar Road NE, Apt. #208, Palm Bay, Florida 32901 at the time of his death.
>
> Donnie was often very transient and lived in hotels and moved around a lot in between Florida and Ohio.
>
> I do not know any more information than this. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

The Personal Representative does not know any additional information to Answer to Interrogatory 3, but will, of course, supplement the same if this information becomes known. Defendant Krukoski is asking the Personal Representative to provide information that she does not know, and accordingly, we ask that the Court deny the Motion to Compel.

### *Interrogatory No. 8*

State the money value of the Decedent's estate and Decedent's net worth on the date of his death.

**Answer:** I am only aware of the approximately $17,000 that he had in his possession when he died. Donnie received this money as an inheritance from his father when he died.

I do not know any more information. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

The Personal Representative does not know any additional information to Answer to Interrogatory 8, but will of course, supplement the same if this information becomes known. Defendant Krukoski is asking the Personal Representative to provide information that she does not know, and accordingly, we ask that the Court deny the Motion to Compel.

## *Interrogatory No. 9*

Please state the money value of whatever you and any of the alleged beneficiaries, each reasonably expected to receive from the Decedent had he lived his normal life expectancy.

**Answer:** I do not know. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

The Plaintiffs may hire an economist who could answer this question at which time the Plaintiffs will supplement the same

## *Interrogatory No. 10*

Other than his earnings or other income generating activities, did the Decedent have any other independent sources of income prior to his death? If so, please state the source, yearly amount, and whether or not said income continued after his death to you or his estate?

**Answer:** I do not know of any. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

Defendant Krukoski is asking the Personal Representative to provide information that she does not know, and accordingly, we ask that the Court deny the Motion to Compel, but the Plaintiffs may hire an economist who could answer this question, at which time this answer will be supplemented.

### *Interrogatory No. 12*

Approximately what portion, if any, of the Decedent's earnings were used to support himself? What portion was used to support each of his survivors in the ten (10) years prior to his death?

**Answer:** I do not know

Defendant Krukoski is asking the Personal Representative to provide information that she does not know. Accordingly, we ask that the Court deny the Motion to Compel, but the Plaintiffs may hire an economist who could answer this question, at which time this answer will be supplemented.

### *Interrogatory No. 13*

What, if any, savings, either in money or assets, had Decedent accumulated prior to his death? If any, identify each savings account or other asset in name, type, and location?

**Answer:** I do not know of any other than the amount previously stated. To put this answer in perspective, I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

Defendant Krukoski is asking the Personal Representative to provide information that she does not know. Accordingly, we ask that the Court deny the Motion to Compel,

but the Plaintiffs may hire an economist who could answer this question, at which time this answer will be supplemented.

### *Interrogatory No. 16*

Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: (a) the claim to which the item of damages relates; (b) the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; (c) the factual basis for each item of damages; (d) an explanation of how you computed each item of damages, including any mathematical formula used; and, (e) identify each document pertaining to each item of damages stated.

**Answer:**
A. Punitive Damages: 1,000,000 because it is extreme and outrageous for an officer to choke Donald to death for no reason, while a crowd is begging the officer to stop.
B. Loss of support and services: $500,000 per survivor, which I think is more than fair and reasonable for the homicide of a parent at the hands of law enforcement officers.
C. The evidence for this is contained in the video that I viewed.

We ask that the Court deny the Motion to Compel, but the Plaintiffs may hire an economist who could answer this question, at which time this answer will be supplemented.

### *Interrogatory No. 19*

Did the Decedent consume any alcoholic beverages or take any drugs or medications (including prescription and over-the-counter drugs) within 12 hours before the incident described in the complaint? If so, what type and amount of alcoholic beverages, drugs, or medications were consumed, and where did the Decedent consume them?

**Answer:** I was not a witness to him consuming anything, and as far as I know, nor did Breana, as Donnie did not stay with us the night before his death.

Defendant Krukoski is asking the Personal Representative to provide information that she does not know.

## **CONCLUSION**

The Plaintiff made several attempts to confer with or otherwise resolve the issues raised by the Defendants in their Motion, but was unable to do so, partially because the Defendants failed to continue to try and resolve the same without asking for judicial intervention.

The Defendants Mathis and Krukoski, are intentionally asking the Personal Representative to provide the information she does not know by having Counsel to answer the Interrogatories for her.

The problem with this approach urged by the Defendants is that discovery is propounded upon the Personal Representative of the Estate, and she must be the one to answer the questions to the best of her ability, with the assistance of Counsel. The integrity of her answers is great, especially considering that these same Defendants will be using these Interrogatories at the Personal Representative's deposition and at a Jury Trial, where she, not Counsel will be made to look foolish, or worse if she is unable to answer the questions that she swore to be accurate because she cannot remember the answers fed to her by Counsel. The Personal Representative has answered the Interrogatories discussed herein to the best of her ability, and to ask her, or others to do more by compelling the same would be futile and dishonest. Accordingly, the Personal Representative asks this Honorable Court to deny the same.

**WHEREFORE**, DIANNE LEVESQUE, as Personal Representative of the ESTATE OF DONALD WHITMER, JR., for and on behalf of his children BREANNA NICKOLE WHITMER, NICHOLAS WHITMER, DONALD WHITMER, III., DAKOTA WHITMER, TOMMI WHITMER, TREY WHITMER, BRITTONY WHITMER, (hereinafter "Plaintiffs"), and hereby asks this Honorable Court to deny Defendants

MATHIS' and KRUKOSKI'S Motions to Compel Better Responses to Interrogatories and Motion for Sanctions (DOC 60).

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy hereof has been furnished via email service to all parties on the attached Counsel List this 26th day of August 2020.

    ***/s/ John Vernon Moore /s/***
    **JOHN VERNON MOORE, ESQUIRE**
    Florida Bar No. 105403
    ***The Law Office of John Vernon Moore, P.A.***
    700 N. Wickham Road, Suite 206
    Melbourne, Florida 32935
    Tel. (321) 529-7777
    Fax (321) 529-2289
    E-Mail:
        John@JMooreLegal.com
        CourtDocs@JMooreLegal.com
        gary@brosslawoffice.com
    *Attorney for Plaintiff*

STYLE: LEVESQUE v. CITY OF WEST MELBOURNE, ET AL.
CASE NO.: 6:19-cv-2187-Orl-40DCI

**COUNSEL LIST**

MICHAEL J. ROPER, ESQ.
FBN: 473227
FRANK MARI, ESQ.
FBN: 93243
Bell & Roper, P.A.
2707 E. Jefferson St.
Orlando, FL 32803
Counsel for Defendant, City of West Melbourne
PHONE: 407-897-5150
FAX: 407-897-3332
EMAIL: mroper@bellroperlaw.com,
fmari@bellroperlaw.com

LYMAN H. REYNOLDS, JR., ESQ.
FBN: 380687
Roberts, Reynolds, Bedard & Tuzzio,
PLLC 470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants, Mathis &
Krukoski PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com,
lreynolds@rrbpa.com

JOHN VERNON MOORE, ESQ.
FBN: 105403
The Law Office of John Vernon Moore, P.A.
700 N. Wickham Road, Suite 206
Melbourne, FL 32935 Counsel for
Plaintiff PHONE: 321-529-7777
FAX: 321-529-2289
EMAIL: john@jmoorelegal.com
E-SERVICE: courtdocs@jmoorelegal.com

GARY LINDSEY HOLLAND, ESQ.
FBN: 860610
997 S. Wickham Road
Melbourne, FL 32904
Co-Counsel for Plaintiff
PHONE: 321-728-4911
FAX: 321-728-4870
EMAIL: Gary@brosslawoffice.com
EMAIL: Gary@brosslawoffice.com
chrissy@brosslawoffice.com