## INTERROGATORIES TO PLAINTIFF, DIANNE LEVESQUE, as Personal Representative of the ESTATE OF DONALD WHITMER, JR.

1.  What is your full name (including any maiden names, middle names, or middle initial, if any), address, date of birth, social security number, your relationship to the Decedent?

Dianne Levesque
2275 Starlight Court, #297, West Melbourne, Florida 32904  11/14/1966
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
Former girlfriend

2.  Describe in detail each act or omission on the part of this Defendant that you contend constituted a violation of the Decedent's rights under the Fourth Amendment.

Officer Mathis and Krukoski either used excessive force or allowed the excessive force to be used in the arrest, tasking, choking and strangulation of Donnie, causing Donnie's death. There are numerous videos of the incident which I would refer you to. They also ignored witnesses pleas to stop choking Donnie, causing his death. Ignoring these pleas is evidence of reckless indifference.

3. Has the Decedent ever been arrested? If so, state the date of each arrest and conviction, the name of the officer who made each arrest, the name of the political subdivision that employed him, the crime of which he were accused, the court in which he was accused in, and the final disposition of any action that was instituted on each charge, including any sentence(s) imposed.

Yes, but I do not know the details of each arrest.

4. List any and all prior accidents, lawsuits, or claims for person injury or disability (including but not limited to Worker's Compensation, Social Security, FMLA) in which the Decedent had been involved.

Auto accident in Brevard County in January 2018.

5.      Did the Decedent wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, and when were the Decedent's eyes last examined and by whom?

Not that I am aware of.

6.      State the names and addresses of all counselors, psychologists, psychiatrists or other health care providers who have provided care to any survivor of the Decedent prior to the Decedent's death and any survivor subsequent to the Decedent's death, and as to each describe the type of care and the dates it was rendered and the cost of care.

I do not know. To put this answer in perspective I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know, and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

7. List the names and business addresses of all physicians, medical facilities, or other health care providers by whom or at which the Decedent had been examined or treated in the past 10 years and state as to each the dates of examination or treatment and the condition or injury for which the Decedent was examined or treated.

Brevard Health Alliance; 5270 Babcock St NE STE 1, Palm Bay, FL 32905. I do not know the exact dates, but he was still being treated there at the time of his death. I do not know the names of the physicians that treated him except or the conditions, except that he was being treated for ongoing medical issues.

Palm Bay Hospital; 1425 Malabar Rd NE, Palm Bay, FL 32907. He went there in January 2018 for an auto accident. I do not know the treating physicians.

Sayid Qaiser, MD; 1750 Cedar St, Rockledge, FL 32955 Julie Hegert, MD; 92 W. Miller Street,

Orlando, FL 32806
Jacqueline B. Llinas, MD, 1350 Hickory Street, Melbourne, Florida 32901

8. Please state the date, time, and place of the Decedent's death and the names and addresses of all persons present at that time, including any doctors, nurses or other medical persons in attendance.

Donnie died on May 21, 2018 at Holmes Regional Medical Center. I do not know any of the other information.

9. Other than the injury or physical condition allegedly resulting in the death of the Decedent, list in detail any type of prior disability or physical infirmities suffered by the Decedent, giving the dates and by whom treated. Please include within this response all physical, mental, emotional and medical conditions, disabilities and/or ailments.

He had a heart condition, but I do not know the name of it and do not know who he treated with other than the Brevard Health Alliance.

He was treated for bipolar disorder and am not aware of the physician that treated him. It may have also been through the Brevard Health Alliance.

Palm Bay Hospital for auto accident injuries in January 2018.

10. Please state the names and present addresses of all persons who do or may have knowledge concerning the facts upon which the issues of this suit are based, including but not limited to, eyewitnesses and others with knowledge of the facts and circumstances, as well as, all doctors and others having information concerning the medical and/or physical condition of the Decedent.

1. Breanna Whitmer, 2275 Starlight Court, #297, West Melbourne, Florida 32904
2. Steven Derrick (Publix Manager), 2261 West New Haven Avenue, West Melbourne, Florida 32904
3. Vittorio Paternostro, 773 Del Mar Circle, West Melbourne, Florida 32904
4. Joanne Solley Hansen, 435 River View Lane, Melbourne Beach, Florida 32901
5. Francisco M. Arana, 151 Eber Road, #102, Melbourne, Florida
6. Jacob Mathis, 2290 Minton Road, West Melbourne, Florida 32904
7. Kevin Krukoski, 2290 Minton Road, West Melbourne, Florida 32904
8. Kenneth Raymond Sells, 2290 Minton Road, West Melbourne, Florida 32904
9. Detective Donavan Brickhouse, 2290 Minton Road, West Melbourne, Florida 32904
10. Detective Jason Campbell, 2290 Minton Road, West Melbourne, Florida 32904
11. Lieutenant Carlos Navedo, 2290 Minton Road, West Melbourne, Florida 32904
12. Sharon Conti, 65 SW Irvin Avenue, West Melbourne, Florida 32904
13. Danielle Quinn, Brevard County Sheriff's Office; 700 S. Park Ave. Titusville, Fl 32780

14. Thomas Pauette, 1160 Indian Oaks Drive, Melbourne, Florida 32901
15. Dr. Mitchell F. Miglis, 6050 Orangeview Drive, West Melbourne, Florida 32904
16. Alfred Theron Krapf, 880 Tupelo Road, Palm Bay, Florida 32905
17. Daniel Adams, 2290 Minton Road, West Melbourne, Florida 32904
18. Brevard Health Alliance; 5270 Babcock St NE STE 1, Palm Bay, FL 32905. I do not know the exact dates, but he was still being treated there at the time of his death. I do not know the names of the physicians that treated him except or the conditions, except that he was being treated for ongoing medical issues.
19. Palm Bay Hospital; 1425 Malabar Rd NE, Palm Bay, FL 32907. He went there in January 2018 for an auto accident. I do not know the treating physicians.
20. Sayid Qaiser, MD; 1750 Cedar St, Rockledge, FL 32955
21. Julie Hegert, MD; 92 W. Miller Street, Orlando, FL 32806

11. State what photographs, if any, exist with respect to the issues of this suit, the names and addresses of the photographer and the custodian of the photographs.

I do not have any photographs in my possession—all photographs provided by the police department and medical examiner and been provided to opposing attorneys.

Any photos I receive will be produced to my attorney to give to the defendants.

12. Please provide the name and address of the decedent, DONALD WHITMER, JR.. 's, cellular telephone service provider and his cellular telephone number in service at the time of the incident described in the Amended Complaint.

Boost Mobile; 6591 Irvine Center Dr # 100, Irvine, CA 92618; 321-423-4830

13.     List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard or who is purported to have heard any of the Defendants make any statement, remark or comment concerning the incident described in the Amended Complaint and the substance of each statement, remark or comment.

Breanna Whitmer
Kevin Krukowsi; substance of any statements
Jacob Mathis; substance of any statements

14.     With reference to the Decedent's employment for the ten (10) years preceding his death, please state as to each employment the address of the employer, dates of employment, duties performed and rate of pay.

He was self-employed. The employers that I am aware he worked for are as follows:

Johnson Home Repair; 829 Cheriton St. Deltona, FL 32725; he worked as a laborer. I do not know the dates of employment or the rate of pay.

Esco Services (Tampa). He worked as a laborer. I do not know the date of employment, the address of the employer, or the rate of pay.

People Ready; 812 Dixon Blvd, Cocoa, FL 32922. He worked as a laborer. I do not know the date or address of the employer or the rate of pay.

This is all I know. If there is more information to give, I will provide it.

15. What was the Decedent's net income in each of the past five (5) years prior to his death, including a listing of all sources of income?

I do not know. To put this answer in perspective I met Donnie in 2012. All of the survivors lived with Donnie's parents in Ohio, except Breana, who came to live with us for a period of time in 2015 in Florida. All of the survivors were raised by Donnie's parents, and they, to my knowledge, do not know, and are not able to assist in the answering of this question. Therefore, I do not know the answer to this question, and I do not know how I could obtain the information.

16.     Please specify each and every fact which supports your allegations that this Defendant "willfully and recklessly engaged THE DECEDENT by using an improper chokehold maneuver…" as alleged in Paragraph 21 of Plaintiff's Amended Complaint.

Officer Mathis and Krukoski either used excessive force or allowed the excessive force to be used in the arrest, tasking, choking and strangulation of Donnie, causing Donnie's death. There are numerous videos of the incident which I would refer you to. They also ignored witnesses pleas to stop choking Donnie, causing his death. Ignoring these pleas is evidence of reckless indifference.

17.     Please specify each and every fact which supports your allegations that this Defendant used excessive, unnecessary, and unreasonable force as alleged in Paragraph 36 of Plaintiff's Amended Complaint.

Officer Mathis and Krukoski either used excessive force or allowed the excessive force to be used in the arrest, tasking, choking, and strangulation of Donnie causing Donnie's death. There are numerous videos of the incident which I would refer you to. They also ignored witnesses pleas to stop choking Donnie causing his death. Ignoring these pleas is evidence of reckless indifference.

*Dianne Levesque*<br>DIANNE LEVESQUE

STATE OF FLORIDA )
                        ) SS:
COUNTY OF BREVARD )

BEFORE ME, the undersigned authority, personally appeared, DIANNE LEVESQUE, who, after being duly sworn, deposes and states that he is the individual who has answered the foregoing and that said answers are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 26th day of August, 2020.

*[Notary Seal: MARIANNA M. ESPOSITO, Notary Public - State of Florida, Commission # GG 346774, My Comm. Expires Oct 15, 2023, Bonded through National Notary Assn.]*

*Marianna M. Esposito*
Notary Public

MARIANNA M. ESPOSITO
Printed Notary Signature

Personally Known ___ OR ~~Produced Identification~~
Type of Identification Produced: FLDL