UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANNE LEVESQUE, as Personal Representative of the Estate of Donald Whitmer, Jr.,

    Plaintiff,

v.

CITY OF WEST MELBOURNE, JACOB MATHIS, and KEVIN KRUKOSKI,

    Defendants.
_____/

Case No. 6:19-cv-2187-Orl-40DCI

## DEFENDANT CITY OF WEST MELBOURNE'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Defendant City of West Melbourne (the "City"), through its attorney, hereby files and serves its Motion for Sanctions and Incorporated Memorandum of Law.

**A. Alleged Factual Background**

Plaintiff Dianne Levesque is the Personal Representative of the Estate of Donald Whitmer, Jr. (Doc. 30 ¶ 7). Plaintiff alleges that on May 21, 2018, the decedent was involved in physical altercation with law enforcement officers at a Publix Supermarket located at 2261 West New Haven Avenue in West Melbourne, Florida. (*See* Doc. 30 ¶¶ 14, 21-22). Plaintiff alleges that the law enforcement officers involved in the incident violated the decedent's right under the Fourth Amendment to the United States Constitution to be free from excessive force and caused the decedent's death. (*See* Doc. 30 ¶¶ 32, 36). Plaintiff also alleges that some unspecified policy,

custom, or widespread practice of the City caused the alleged deprivation of the decedent's Fourth Amendment right to be free from excessive force. (*See* Doc. 30 ¶¶ 42-45). Plaintiff sued, pursuant to 42 U.S.C. § 1983, each of the law enforcement officers allegedly involved in the physical altercation with the decedent and the City.

As a result of the alleged subject incident, Plaintiff seeks compensatory damages from each of the defendants for the Estate of Donald Whitmer, Jr. and the decedent's survivors under the Florida Wrongful Death Act, section 768.16, Florida Statutes. (*See* Doc. 30 ¶¶ 33, 37, 45). Plaintiff also seeks punitive damages from the police officers allegedly involved in the physical altercation with the decedent. (*See* Doc. 30 at 8-10). The decedent's alleged survivors under the Florida Wrongful Death Act are seven of his children. (*See* Doc. 30 ¶ 7). As a result of the alleged subject incident, Plaintiff seeks damages on behalf of the estate and the alleged survivors for mental pain and suffering, loss of companionship, medical and funeral expenses, loss of net accumulations, and "all other damages allowed by law." (Doc. 30 ¶¶ 33, 37, 45).

**B. Procedural History**

Plaintiff filed this action in state court on October 28, 2019. The City removed this action to this Court on November 18, 2019. (*See* Doc. 1 at 1). On January 3, 2020, the Court entered the Case Management and Scheduling Order. (*See* Doc. 26). The discovery deadline is March 1, 2021. (*See* Doc. 26 at 2). Dispositive motions and *Daubert* motions are due on or before April 1, 2021. (*See* Doc. 26 at 2). This case is set for trial during the Court's trial term beginning on August 2, 2021. (*See* Doc. 26 at 3).

### C. Argument

The Court should award sanctions against Plaintiff and in favor of the City because Plaintiff's discovery noncompliance has resulted in the City unnecessarily and easily avoidably incurring attorney's fees, costs, and expenses for the depositions of many of the alleged survivors. Under Rule 26(a)(1)(A)(i), Plaintiff was also due to provide the "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Rule 26(e) requires that a party who has made disclosures, responded to an interrogatory, responded to a request for production, or responded to a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect (if the additional or corrective information has not been made known to the other parties during the discovery process or in writing) or as ordered by the court. *See* Fed. R. Civ. P. 26(e).

If a party fails to obey an order to provide or permit discovery, instead or in addition to the sanctions available under Rule 37(b)(2)(A), a court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless it was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). Also, with respect to failure to disclose a witness as required by Rule 26(a), a court may order payment of the reasonable expenses, including attorney's fees,

caused by the failure.  *See* Fed. R. Civ. P. 37(c)(1)(A).  As discussed previously in relation to prior motions to compel filed in this case, the personal representative of the estate has an obligation to obtain the information necessary from the decedent's alleged survivors to respond to discovery.  *See Estate of Duckett v. Cable News Network, LLLP*, No. 5:06-cv-444-Oc-10GRJ, 2010 WL 2025220, at *3 (M.D. Fla. Apr. 19, 2010); *see also Harstock v. Goodyear Dunlop Tires N. Am., Ltd.*, Civil Action No. 2:13-cv-00419-PMD, 2013 WL 6919715, at *3-4 (D.S.C. Jan. 7, 2014).

Krukoski's interrogatory number 5 is: "State the full names, relationships to the decedent, addresses, ages, telephone numbers, Social Security Numbers, and dates of birth of all surviving heirs and descendants of the decedent, including decedent's spouse, children, parents, siblings, blood relatives (part or whole), adopted brother/sisters, adopted children, and any and all illegitimate children of either the decedent or his spouse." (*See* Doc. 60 at 36).  On July 7, 2020, the Court granted Mathis and Krukoski's Motion to Compel in part and required Plaintiff to serve under oath, on or before July 20, 2020, the interrogatory answers included with Plaintiff's unverified June 2, 2020 Third Amended Answers to Mathis and Krukoski's interrogatories.  (*See* Doc. 50 at 7).  Since then, Plaintiff repeatedly amended her answers to interrogatories.  On July 20, 2020, Plaintiff served her Third Amended Verified Answers to Krukoski's interrogatories. (*See* Ex. 1 at 1; Ex. 2 at 1).[1]  Plaintiff

---

[1] Interrogatories and answers that do not directly relate to this motion are removed, and information has been redacted to comply with Rule 5.2 of the Federal Rules of Civil Procedure.

provided addresses for each of the alleged survivors. (*See* Ex. 2 at 1). On September 11, 2020, Plaintiff served her Sixth Amended Verified Answers to Krukoski's interrogatories. (*See* Ex. 3 at 1; Ex. 4 at 2).[2] Plaintiff again provided addresses for each of the alleged survivors. (*See* Ex. 4 at 2).

    The City then sought to take the depositions of the alleged survivors (excluding Breanna Whitmer, whose deposition had already occurred). Plaintiff's counsel had previously claimed attorney-client privilege with Breanna Whitmer, as an alleged beneficiary of the estate of Donald Whitmer, Jr., for this matter. (*See* Doc. 90-3 at 259:24-264:5). The same issue remained outstanding for the other alleged survivors, prompting counsel for the City to inquire whether Plaintiff's attorneys would produce the other alleged survivors for their depositions. (*See* Ex. 5 at 3; Ex. 6 at 1; Ex. 25 at 1). The City began on September 24, 2020 by requesting the depositions, proposing possible dates, and inquiring whether Plaintiff's attorneys would agree to produce the alleged survivors for depositions. (*See* Ex. 5 at 3). After follow-up, a paralegal in Mr. Moore's office responded on October 1, 2020 by indicating that the City would need to subpoena the alleged survivors for depositions. (*See* Ex. 5 at 1). On October 8, 2020, the City served Notices of Taking Deposition Duces Tecum and subpoenas for the depositions of Brittony Whitmer (to occur on November 9, 2020 via Zoom), Tommi Whitmer (to occur on November 11, 2020 via Zoom), Trey Whitmer (to occur

---

[2] Interrogatories and answers that do not directly relate to this motion are removed, and information has been redacted to comply with Rule 5.2 of the Federal Rules of Civil Procedure.

on November 11, 2020 via Zoom), Donald Whitmer, III (to occur on November 13, 2020 via Zoom), and Nicholas Whitmer (to occur on November 23, 2020 via Zoom). The same date, counsel for the City again attempted to confer with counsel for Plaintiff about whether they would produce the alleged survivors for depositions and submitted draft acceptance of service forms for each witness. (*See* Ex. 6 at 1). Having received no response from Plaintiff's attorneys, counsel for the City sent out the notices and subpoenas to a process server for service pursuant to Rule 45(b).

The process server reported issues with the addresses Plaintiff provided for many of the alleged survivors and returned many of the subpoenas unexecuted. The process server's affidavit for attempted service upon Brittony Whitmer states that the address provided for Brittony Whitmer was "vacant and boarded up." (*See* Ex. 12 at 2). The address Plaintiff provided for Trey Whitmer was the same as for Brittony Whitmer, so the process server also failed to serve Trey Whitmer for the same reason. (*See* Ex. 13 at 2). The process server's affidavit for attempted service upon Donald Whitmer, III states that the address provided for Donald Whitmer, III "does not exist." (*See* Ex. 14 at 2). Despite repeated attempts, the process server was also unable to serve Tommi Whitmer at the address Plaintiff provided. (*See* Ex. 15 at 2).

Counsel for the City notified counsel for Plaintiff of these issues by email on November 2, 2020 and again requested that Plaintiff's counsel produce the alleged survivors for depositions and provide up-to-date addresses for each of the alleged survivors. (*See* Ex. 16 at 2-3). Having received no response, counsel for the City

followed-up on November 4, 2020 and again on November 9, 2020. (*See* Ex. 16 at 1-2).

Brittony Whitmer did not appear for her deposition on November 9, 2020. (*See* Ex. 17). Tommi Whitmer and Trey Whitmer did not appear for their depositions on November 11, 2020. (*See* Ex. 18; Ex. 19). Donald Whitmer, III and Nicholas Whitmer did appear at their depositions, but after the City needlessly incurred expenses in attempting to have them served at the incorrect addresses provided by Plaintiff and that Plaintiff did not update in a timely manner, even after counsel for the City brought the issue to Plaintiff's attorneys' direct attention. (*See* Ex. 28 at 1; Ex. 29 at 1).

When the parties eventually conducted Trey Whitmer's deposition on December 7, 2020, Defendants learned that Trey Whitmer had been living, for approximately one year, at an address different than the address Plaintiff provided. (*See* Ex. 22 at 7:20-24). When the parties eventually conducted Tommi Whitmer's deposition on December 18, 2020, Defendants learned that Tommi Whitmer had been living with his brother, Trey Whitmer, for one month prior to his deposition and not at the address Plaintiff provided. (*See* Ex. 21 at 7:21-25). Prior to that, Tommi Whitmer was staying with Plaintiff and Breanna Whitmer in Brevard County, Florida, for approximately one and one-half months. (*See* Ex. 21 at 75:18-76:9).[3] When the parties eventually conducted Brittony Whitmer's deposition December 23, 2020,

---

[3] Tommi Whitmer was ultimately served at Plaintiff's address. (*See* Ex. 30 at 1; Doc. 90-4 at 13:2-9).

Defendants learned that Brittony Whitmer had been living, since approximately the beginning of July 2020, at an address different from the address Plaintiff provided. (*See* Ex. 20 at 8:6-9:5). When the parties conducted Nicholas Whitmer's deposition on November 23, 2020, Defendants learned that Nicholas Whitmer had been living, for two years, at an address different than the address Plaintiff provided. (*See* Ex. 23 at 7:2-8). When the parties conducted Donald Whitmer, III's deposition on November 13, 2020, Defendants learned that Donald Whitmer, III had been living, for nearly two years, at an address different than the address Plaintiff provided. (*See* Ex. 24 at 7:8-12, 15:20-22).

Ultimately, the City needlessly incurred at least $1,355.35 of expenses, including attorney's fees, as a result of Plaintiff providing incorrect and out-of-date addresses for many of the alleged survivors, failing to supplement prior disclosures and answers to interrogatories as required by Rule 26(e), and claiming attorney-client relationships with the alleged survivors. (*See* Ex. 31 (summary of expenses)).[4,5] The Court should sanction Plaintiff by ordering Plaintiff to pay the expenses, including attorney's fees, that the City needlessly incurred as a result of Plaintiff's noncompliance with discovery.

---

[4] This does *not* include attorney time spent preparing for the depositions, attorney time spent re-preparing for re-scheduled depositions, attorney time spent conferring with counsel for Plaintiff in advance of and following the depositions, or time spent by counsel for the City (and non-attorney staff at Bell & Roper, P.A.) contacting those alleged survivors to determine up-to-date addresses and arrange their participation in depositions.

[5] The Court previously found that $180.00 per hour was a reasonable rate for Frank Mari for this matter. (*See* Doc. 106 at 2).

**D. Local Rule 3.01(g)**

Pursuant to United States District Court for the Middle District of Florida Local Rule 3.01(g), counsel for the City conferred via telephone with counsel for Plaintiff in a good faith effort to resolve the motion. Counsel for Plaintiff does not agree on the resolution of the motion.

**E. Request for Relief**

WHEREFORE, Defendant City of West Melbourne respectfully requests that the Court enter an order sanctioning Plaintiff by ordering Plaintiff to pay $1,355.35 of expenses to Defendant City of West Melbourne and for any other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Frank Mari*
Frank M. Mari
Florida Bar No. 93243
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
fmari@bellroperlaw.com
Secondary: ihaines@bellroperlaw.com
Attorney for Defendant City of West Melbourne

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Frank Mari*
Frank M. Mari
Attorney for Defendant City of West Melbourne